UNITED STATES DISTRICT COURT OF THE SOUTHERN DISTRICT OF FLORIDA

U.S. BANKNATIONAL ASSOCIATION
AS TRUSTEE FOR RASC 2005 AHL3, MERS
, FRANKLYN CREDIT MANAGEMENT
CORP AND AXIOM FINANCIAL SERVICES

Plaintiffs.

v.

MACK WELLS and
MAURICE SYMONETTE

Defendants.

FEDERAL CASE NO:
COUNTY CASE NO: 2010-61928-CA01

28. USC. 1446 (B)(D)

**NOTICE OF REMOVAL**

Removed from:2010-61928-CA01

Eleventh Circuit District Court of Dade
County Florida



FILED BY_____D.C.

JUN 2 4 2024

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

**TO:**   Clerk of the U.S. District Court for the Southern District of Florida:

**PLEASE TAKE NOTICE THAT** Defendants MACK WELLS, MAURICE  SYMONETTE and

LEROY WILLIAMS, collectively with the other named Defendants, "Defendants"), hereby removes to this

Court the state court action described herein, And the Dade County Court's Local Rules because Judge Sarah

Zabel had already Dismissed this Case with PREJUDICE April 6th 2009 but out of nowhere  a Judge we never

met or had a Hearing in front of exactly one year later April 6th 2010 put in the same Order as our real Judge

Sarah Zabel of Dismissal with Prejudice as a trick to avoid the presidence of a Judge in the same Circuit Court

can not change the Orders of another Judge it must be Appealed to a higher Court Ford Vs. Calloway so she

waited three months and put in a new Order of Dismissal without Prejudice in an Illegal Exparte Hearing in

Violation of Fl. Stat.702.07 which says Defendants must be present this was done without any notice to us

which gave Judge Schlesinger six months later the right to have a new Case Heard **2010-61928-CA01** the

Case that this notice of removal is about and Judge Schlesinger foreclosed us Illegally even though he also had a horrific Conflict of Interest of $28million from US Bank two years in a row while ruling on our Case Exh.(1) (2). The fraudulent Judge Valerie Manno Shurr after getting caught in Court and shown that she according to her Form 6 Financial Affidavits made over Eleven million dollars from 2009 to 2022 from GMAC / US Bank Exh.(3) while ruling in their favor which is a horrible Conflict of Interest and RECUSED Herself Exh.(4) and Reverted and Voided out all of Her Judgements in accordance with my Motion to Recuse and Revert and Void out all Judgements back to Judge Sara Zabel's Dismissal with Prejudice Exh.(5) she Recused herself in Writing May 25, 2023 which was already automatically Recused because our Motion to Recuse and Revert and Void out all Judgements was already done January 24th, 2022 of which she did not respond within the 30 days automatically granting our Motion according Rules 2.160 (H)-(J) and all the seven Judges who ruled in US Bank's favor against us  had the same large Bankster Money Conflict of Interest including Judge John Schlesinger and were all asked to RECUSE Themselves but they never answered the Motion to Recuse and Revert Exh.(6) back to the Original Judge Sara Zabel's Order of Dismissal with Prejudice April 6th, 2009 and when they didn't answer within 30 days of the Motions to Recuse Revert and Void  which then became automatically granted according to Fl. Rule 2.160 (H)(I)(J) so therefore when the last Judge Vivianne Del Rio was caught with the same Conflict of Interest of $943,000 Exh.(7) who was going to give a Sale date she Recused herself Exh.(8) and ReClosed the Case in accordance with my Motion to Dismiss the Case and Revert back to Dismissal with Prejudice from Judge Sara Zabel's Order Reopened the Case and then the Administrative Judge Jennifer Bailey who has the same Conflict of Interest Exh.(9) along with the Clerk of the Court who also has the same Conflicts of Interest Assigned a new Judge who also has a $2million Exh.(10) and More Conflict of Interest copies of this Notice of Removal are being served on all parties at the addresses listed in Plaintiffs' state court complaint and are being filed in the Dade County Eleventh Circuit Court Case # 2010-61928-CA01 of the State of Florida Dade County.

## BASIS FOR REMOVAL

**I.Removal is Proper Because This Court Has Subject Matter Jurisdiction Pursuant to 28 U.S.C. §§ 1332 and 1441(b).**

1. Pursuant to 28 U.S.C. § 1332, this Court has jurisdiction over this action because

## VIOLATION OF NOTICE OF REMOVAL STAY USING FORGERY AND FRAUD

We filed a Federal Notice of Removal July 14th 2023 in Ft. Lauderdale under case# 23-cv-61345 Filed and labeled Maurice Symonette and Mack Wells Notice of Removal Exh.1A and 1B with the receipt saying that this Case is in the Wrong Venue in Ft. Lauderdale and will be sent to Dade County with the new Case# 23-cv-22640-JEM 28 U.S. Code SS 1446 and 1441 says only Defendants can Remove a State Court Case to Federal Court so when we filed in the wrong venue by mistake and they sent our case to Dade county where the Case Originated which was the right Division under Case# 23-cv-22640-JEM wherein Judge Martinez asked us to prove why we had Jurisdiction, filed on the Docket August 3rd, 2023. August 7th, 2023 we filed our Jurisdictional Memorandum, on 11/08/23 Defendant U.S. Bank began to respond to our Notice of Removal and Complaint and until this day we have been in Federal Removal and they have not answered but during the interim Judge Carlos Lopez tried to sell the house while we had a Notice of Removal and then he stopped the Sale of the House after we Pointed out to him the Notice of Removal and then we noticed that US BANK was continuing the Foreclosure because they snuck a Fake Forged Remand Order by us that had the a signature that's obviously not Judge Jose E. Martinez's signature see Exh. 5. As compared to his signature on our new Case# 23-cv-22640-JEM wherein Judge Martinez asked us to prove Federal Jurisdiction so therefore we demand to see the Original filings with the Original Signatures on Case#23-cv-22640 and Case#23-cv-22848, because we believe that some other filings are Forged and not Original. see Judge Martineze's signature, Exh. 6. And three other cases of Judge Martinez's signature. Martin V. Ogwyn, Exh. 7., Smith Jr. v City of Miami, Exh. 8-1 and 8-2 and the United States of America V. Davis, Exh. 9-1. All of these Signatures are the same showing the incursive J going slightly towards the left with a half a circle J with an Apostrophe at the top at

the end of Jose' the middle initial E is leaning towards the right with the end of the E at the bottom going up with a period the line on the M slants towards the right and then back towards the left with a hook at the end with the A, R, T and with a incursive Z, the J is a circular pyramid very wide pointing towards the left, the middle initial E doesn't look at all like the Middle initial E on the other true signatures, Exh .6. and it has no period and the (mart) has the A with no R like the original, Exh. 6. with the rest of the alphabets leaning towards the right. And the alphabet T does not have a straight line slanted down like the rest of the Ts on his correct signatures, the fake T has a hook on the left the original does not have the hook and does not have the incursive E or the long Z at the end of his name so therefore this is not Judge Martinez's signature and a fake Order. like Judge Valerie Manno Schurr said in her hearing with us that she did not sign that Order and whispered to the Attorneys asking in a whisper "Why did you sign those Orders for, me I did not tell you to sign that Order" and I asked her what did you say and she said "hello" "OH, nothing" she said ***HELLO*** because she didn't realize that we could hear her mistakenly unmuted MIC, see: Gods2.com video #1.  This shows their Collusion. Then I told her about the ORDER she so called signed and she said I did not sign those that was (Judge) Veronica Diaz, Gods2.com, and then I showed her the Orders with her Forged signature, Exh. 10 and 11. and she was shocked and I showed her her own FORM 6 Affidavit for the State of Florida that showed that she had a terrible Conflict of interest because of the fact that she made 995,000 + 440,000 and over time she made 11, Million from GMAC, Exh. 12. the Servicer for U.S. Bank, Exh. 13. and the next day she Recused herself, Exh. 15. and ***REVERTED*** the Case back to being Dismissed with Prejudice, Exh. 17. And according to Florida Rule 2.160 (H-J) the original Order of our true Judge Sarah Zabel, Exh. 17. and three Affidavits of witnesses that saw Judge Zabel sign the Dismissal with Prejudice dated 04/06/09, Exh. 14. 1-2-3 put on the Docket 04/07/09, Exh. 18. and she signed our copy as a receipt for us, Exh.17. And so we know that the US BANK Lawyers Forged Judge Valerie Manno Schurr's Order, Exh. 20. And I know that Judge Jose E. Martinez signature be on that Remand Order dated 08/23/2023 when he knew I filed a corrected Amended Notice of Removal and Complaint under the Case# 23-cv-22640-JEM dated 07/14/23 that came

from the confusion of us filing the Notice of Removal in the wrong Division Ft. Lauderdale that they transferred to Dade Cunty Federal Division the same Day wherein Judge Martinez asked us to show why the Federal Courts had Jurisdiction to Remove this Case to Federal Court as seen in case# 23-cv-22640-JEM Dated 08/03/23 we showed our Jurisdiction 08/07/23 and we filed our Amended Complaint listed 08/01/23 which also had the Amended Notice of Removal written June 29th, as seen bove the signatures of the Document attached to the Amended Complaint Exh 18. 1 and 2. but Fraudulently did not show on the Federal Docket Dated, 08/02/23, because of the Powerful Federal Jurisdictions in it, but said and mentioned because we did File it, 08/07/23 Docket, taken out of the Docket and used by U.S. BANK LAWYERS FRAUDULENTLY to do a FED. NOTICE OF REMOVAL Filed by U.S. BANK N.A. in Violation of 28 USC 1446 (b)(1) which only allows Defendants to File. Which U.S. BANK as the Plaintiff cannot do a Notice of Removal because they choose the County Venue and they used SYMONETTE and WELL's signature to File for U.S. BANK N.A. as seen on the 23-CV-22848-JEM FAKE CASE number one on that Docket. The Law says a person can't sign for a Corporation, Walacoerage v. Excell. but U.S. BANK LAWYERS USD our signatures to file for U.S. BANK N.A. Evan though SYMONETTE nor WELL's filed or opened that 23-CV-22848-JEM Fraudulent Case 07/31/23 U.S. BANK did this by taking the Document filing dated July 31st of the NOTICE of Filing our Notice of Removal, Exh. 20. They took this and started a whole new Case without our Permission. And that's why we had to file our notice of compliance for the Notice of Removal and Complaint 10/12/23, and then we had to file our Notice of Removal in County Court Case# 1010-61928-CAO1, 10/13/23, 10/14/23 and 10/15/23 and the Clerks tried to keep our filings off the Docket even though we E Filed the Notice of Removal but it would not show on the **DADE DOCKET** several times, Exh. 19. and we gave it to the Clerk at the Clerk's Counter on Camera and gave it to Judge Carlos Lopez direct as admitted by the HEAD CLERK after we showed her the video proof then they put the Notice of Removal Filings on the DADE DOCKT Case # 2010-61928-CA01 Dated and seen on Docket Oct. 13th ,14th, and 15th, before the 0ct. 16th Sales Date but they allowed the Sale to go anyway in Violation Federal Stay Law 28 U.S. CODE SS 1446

(d) on video gods2.com 1G-18. and 19. in the County Case# 1010-61928-CAO1 and they did the Sale anyway in Violation of 28 US CODE SS 1446(d). US BANK knew were in the NOTICE OF REMOVAL Court because US BANK did a Notice of Appearance to our Notice of Removal as seen on the Federal Docket Case #23-CV-22640-JEM Dated 08/07/2023, 10/12/2023 and 11/08/2023 that's LINES 8, 9 and 10. And as seen in the County Case# 1010-61928-CAO1 and as seen on Docket Oct. 13th ,14th, and 15th, before the Oct. 16th Sales Date. We objected to the Sale and Judge Carlos Lopez immediately stopped being the Judge and Judge Spencer Eig became the Judge and we pointed out to him that this case has already been Removed to Federal Court and its still in Federal Court and Judge Eig Went against 28 U.S. Code SS 1446 (d) and went against the 3rd DCA Appellate Court Garcia V. Deutsche Bank Nat'l Trust Co., of the which says once a Notice of Removal is Filed all State actions stops which is totally binding on Judge Spencer Eig of the 11th Judicial Circuit Court from the Federal Courts and the 3rd DCA Appellate Court

NOW TO SHOW THE FORGERY AND FRAUD TO ILLEGALLY STEAL VETERANS AND CRIPPLE BLACK PEOPLE'S PROPERTY

We filed a Notice of Removal July 17th in Ft. Lauderdale Case# 23-cv-61345 Exh. 1. With the receipt on the comments line with the Case# 23-cv-61345 Wells Et Al V. U.S Bank National Association Et al wherein we paid the $402 cash as required and *very important to notice* that the Case# on the receipt on Case# 23-cv-61345 has the Case# of the transferred Case# 23-cv-22640 because the case was transferred to the Miami Division but the point is the Document# is written at the very top of all the of all the Documents on a Federal Docket but this receipt on all Federal Dockets! Exh. 4 but for this strange Case that now mysteriously shows up Docket text filed 07/14/23 it says Clerks Notice to filer reference Case administratively closed. Wrong venue selected by filing Case has been renumbered to the new Case# 23-cv-22640 no further entries will be made on this case entered 07/14/23 Exh. 3. A, B, and C. but it was the wrong Division and was transferred the same day to the Correct Division in Dade-County Federal Court with the case# 23-cv-61345

I want you to take notice that the remand for July 31st has a forged signature from the wrong case# that never existed because they immediately put it in the Miami-Dade Federal Court which was the correct division and not only was the signature on the remand forged but the signature for the clerk on the certified stamp was forged too. The whole case for Case# 23-CV-22848 is totally Fraudulent, the Case# that was actually filed and paid for by us was Case# 23-CV-61345 and that Case was immediately moved to Miami under Case #23-CV-22640 the other Case# 23-cv-22848 that was Supposedly Remanded has file date of July 31st but only case we filed was on July 14. Also the Order of Remand that was put on that case didn't make any Sense it said that US Bank filed a Notice of Removal that was found in the State Court on July 31st did not have my signature on it and it had the wrong Case#23-cv-22848 on it my Case# is 23-cv-22640 and the Case#23-cv-22848 on that one is from U.S. Bank filing a fake receipt when I filed it it had the correct case# on it but the Clerk and the Lawyers changed it just like they did Valerie Manno Schurr. It has the same Fonts for Aug 11 2008 labels For Sara Zabel's Dismissal with Prejudice. And Valerie Manno Schurr said she did not sign it and according to Fl. Stat.695.26(a)

It says a printed name must be under the Signature according to Fannie Mae rule B8-3-04 and their literally using our same fonts so that the Notice of Removal is literally not the one that we filed in Federal Court ours ended in 640 theirs ended in 848 and then they Remanded it by signing the Signature.

So that they Could continue the fake Foreclosure that they were doing unbeknownst to us because we were working on the Federal Case#23-cv-22640 but when we caught on was when we found out they still had a Sale for the house so we had to go get our notice of removal papers.

(5)    . This State Court is precluded by federal law, based on the application of the automatic stay Federal code 28 U.S. SS 1446 (D), from allowing the sale to proceed forward in this instance. This Court

has no discretion in this matter when it comes to the removal statute and its effect on the jurisdiction of this Court.

The Third District, whose decisions are utterly binding on this Court stated, in *Garcia v. Deutsche Bank Nat'l Trust Co.*, 259 So. 3d 201, 202 (Fla. 3DCA 2018), that "State court jurisdiction ceases upon removal of a case to federal court and ***any pre-remand proceedings occurring in the state court after the case has been removed are void***"

(citing *Musa v. Wells Fargo Del. Tr. Co.*, 181 So. 3d 1275, 1277 (Fla. 1st DCA 2015)) [emphasis added]. But it does not end there. Even more telling as to the effect of a

on a court's jurisdiction is what the Third District stated following that which was

"[i]n a detailed review of the law in this area, the First District concluded that even an

***improper removal to federal court, or a removal for improper motives, will not***

***preserve state court jurisdiction.***" *Id.* at 1280-84; see also *Cole v. Wells Fargo Bank Nat'l Ass'n*, 201 So. 3d 749, 750 (Fla. 5th DCA 2016).

Even the Federal Eleventh Circuit Court of Appeals took this position in the seminal case *Maseda v. Honda Motor Co.*, 861 F. 2d 1248 (11th Cir. 1988)("Since *Steamship Co. v. Tugman*, 106 U.S. 118, 1S. Ct. 58, 27 L. Ed. 87 (1882) was decided, the removal statute 28 U.S.C. § 1446 was amended. Under the amendment, the filing of a removal petition terminates the state court's jurisdiction until the case is remanded, ***even in a case improperly removed***" (citing *Lowe v. Jacobs*, 243 F.2d 432, 433 (5th Cir.))[emphasis added].

More damaging to this matter is the fact that this Court has proceeding in this matter while this Court lacked subject matter jurisdiction upon the filing of the Notice on Oct. 13, 2023. There is even an argument that the Court did not have jurisdiction under the second filed removal under case 23-CV-22640-JEM since the filing of that case. A careful examination of that case's docket in the federal court clearly shows that the matter has not

been dismissed or otherwise remanded. The docket clearly reflects that entry #4 shows the notice of removal filed in this Court is the same one filed in that court's records. The notice of removal, which should have been filed in this action, was mistakenly filed in that court instead. Under the removal statute, the removal is not effective until filed in the state court action. Granted, the notice was not filed here when the action was filed in federal court. But the federal law is clear, "[p]romptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, _which shall effect the removal and the State court shall proceed no further unless and until the case is remanded_." 28 U.S.C. §1446(d). In this case, the filing of the notice of removal on Oct. 13, 2023 instituted the automatic stay, based on removal, under case number 23-CV-22640-JEM in federal court.

2.

It        is between citizens of different Countries and that US Bank is Licensed in a Foreign Country according FARA of which US Bank is listed and are not Permitted to own a Mortgage Company that deals in violation of Foreign Banking Laws, and the amount in controversy is greater than $75,000, exclusive of interest and costs. VIOLATION OF THE 14TH AMDT, RESPA, TILA, Violation of GAAP, FASB, FAS, SEC FEDERAL LAWS Therefore, this action could be filed in this Court        and is now properly removed to this Dade County Court.

a. ***There is Complete Diversity of Citizenship Among the Parties.***

Plaintiffs Leroy Williams, Maurice Symonette and Mack Wells are all citizens of the State of Florida. Generally, "[a]n individual's citizenship, within the meaning of the diversity statute, is determined by his domicile[.]" *Van Buskirk v. United Grp. of Cos., Inc.*, 935 F.3d 49, 53 (2d Cir. 2019) (internal quotation marks omitted). Here, the Complaint specifically alleges that MACK WELLS "was and is at all times herein relevant . . . a resident of the County Dade." Compl. ¶ 5. Defendants are a limited liability company Eleventh Circuit District Court of Dade County Florida which is named as in the Complaint (".."), US Bank N.A. ("US

Bank"), Defendant Mortgage Electronic Registration Systems, INC., aka MERS ("MERS") citizenship is the same as that of its members. Defendant MERS is the purported Beneficiary under the Deed or Trust and/or is a purported participant int the imperfect securitization of the Note and/or the Deed of Trust and is a company organized under the laws of DADE.

In *Wachovia Bank v. Schmidt*, 546 U.S. 303 (2006), the Supreme Court held that, for federal diversity purposes, a national banking association is a citizen of the state where its main office is located as set forth in its articles of association. *See Wachovia Bank*, 546 U.S. at 307 (citing 28

---

[1] Citations herein to the "Decl." refer to the Declaration of Gregory A. Cross in Support of Notice of Removal filed contemporaneously with this Notice and Exhibits A-G thereto.
[2] Undersigned counsel are not aware of any entity named "U.S. BANK, N.A, N.A." and assume, for purposes of this removal, that Plaintiffs intend to sue U.S. BANK, N.A Bank, N.A.

U.S.C. § 1348). U.S. BANK, N.A designates in its Articles of Association that the City of Miami, County of Dade, State of Florida is the location of its main office. *See* Decl. ¶ 7 and Exhibit E thereto. U.S. BANK, N.A, therefore, is a citizen of Florida for federal diversity purposes.

Defendant US Bank designates in its Amended and Restated Articles of Association that the City of Miami, County of Dade, State of Florida is the location of its main office. *See* Decl. ¶ 8 and Exhibit F thereto. US Bank, therefore, is a citizen of Florida for federal diversity purposes.

Defendant Bank of America designates in its Articles of Association that the City of Miami, County of Dade, State of North Florida is the location of its main office. *See* Decl. ¶ 9 and Exhibit G thereto. Bank of America, therefore, is a citizen of Florida for federal diversity purposes.

Hence, there is complete diversity between the Plaintiffs and the Defendants in this case, and this Court has subject matter jurisdiction under 28 U.S.C. § 1332. In addition, no defendant is a citizen of the state in which this action is brought.

**b.      *The Amount in Controversy Requirement is Satisfied.***

To determine the amount in controversy, courts look first to the plaintiff's state court petition. The "party invoking the jurisdiction of the federal court has the burden of proving that it appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount." *Scherer v. The Equitable Life Assurance Soc'y of the United States*, 347 F.3d 394, 398 (2d Cir. 2003). There is a rebuttable presumption that the face of the complaint is a good-faith representation of the "actual amount in controversy," and "[t]o overcome the face-of-the-complaint presumption, the party opposing jurisdiction must show to a legal certainty that the amount recoverable does not meet the jurisdictional threshold." *Id.* (internal quotation marks and citations omitted).

The amount in controversy meets the jurisdictional requirements, as Plaintiffs are seeking to permanently enjoin Defendants from recovering at least $800,000 in interest and fees, plus unstated other amounts. For example, Plaintiffs allege that U.S. BANK, N.A's September 11, 2020 statement to Ellicott Lofts listed $448,000 owed and with fees and that "[t]he default interest combined with the other fees and late charges totaled $823,376.92." Compl. ¶ 55. Plaintiffs allege that MERS requested payment of "outstanding alleged fees, penalties and default interest totaling over $800,000." *Id.* ¶ 57. Plaintiffs of the Dade County Case are owed nothing because they do not own the Mortgage, Assignment, Note, or Allonge.

also contend that "on November 20, 2020 MERS's counsel sent Plaintiffs' counsel a 'Demand Notice,' along with a 'Bring Current Statement' seeking $818,740.09 in default interest, penalties, and fees." *Id.* ¶ 65. Plaintiffs claim that, "[i]f Defendants' egregious conduct is not enjoined immediately and permanently, they will be unjustly enriched by seeking nearly $1,000,000 (and continuing to accrue) . . . ." *Id.* ¶ 72.

While Plaintiffs' Complaint does not expressly seek a money judgment against the Plaintiffs for stated sum of money damages, it is apparent from the face of the Complaint that the amount in controversy is well

in excess of $75,000, exclusive of interest and costs. "Where no amount is specified, this fact alone does not bar a finding that the jurisdictional amount has been met." *MBIA Ins. Corp. v. Royal Bank of Canada*, 706 F. Supp. 2d 380, 390 (S.D.N.Y. 2009) (quoting *Burr ex rel. Burr v. Toyota Motor Credit Co.*, 478 F. Supp. 2d 432, 438 (S.D.N.Y. 2006)). "[I]n such a case, a defendant asserting removability must show 'that it appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount.'" *Id.* at 391 (quoting *Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000)). As the Plaintiffs seek a judgment that they not be required to pay Defendants sums owed in excess of $800,000, and seek an injunction preventing the collection of those sums, it is clear from the Complaint the amount in controversy is in excess of the statutory amount.

**II.      Defendants Have Satisfied the Procedural Requirements for Removal.**

8. Plaintiff filed the Complaint in the Eleventh Circuit District Court of Dade County Florida on December 06, 2010. As far as undersigned counsel are aware, and as of the filing of this Notice of Removal, Plaintiffs have not served any of the Defendants. Accordingly, this Notice of Removal is timely filed. *See* 28 U.S.C. § 1446(b)(1) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based").

9. This action is being removed "to the district court of the United States for the district and division embracing the place where such action is pending," pursuant to 28 U.S.C. § 1441(a). The United States District Court for the SOUTHERN DISTRICT of Florida embraces Dade County, Florida. 28 U.S.C. § 112(d).

10. Additionally, Plaintiffs and Defendants are subject to personal jurisdiction in Florida. As set forth above, all Plaintiffs are citizens of the State of Florida. All Defendants conduct business and maintain offices in the State of Florida.

11. No previous application has been made for the removal requested herein.

## **Preservation of Rights and Defenses**

12. All rights are reserved, including, but not limited to, defenses and objections as to venue and personal jurisdiction and the right to move for dismissal of the Complaint for, *e.g.*, failure to state a claim for relief and failure to sue the appropriate parties. The filing of this Notice of Removal is subject to, and without waiver of, any such defenses and objections.

13. MERS also reserves the right to amend or supplement this Notice of Removal.

WHEREFORE, Defendant MERS respectfully gives notice that the above-captioned civil action pending in the Eleventh Circuit District Court of Dade County Florida is removed to this Court, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1447. 04/07/2007, Mortgage Foreclosure was filed in case number 2007-12407- CA-01, the case was dismissed with prejudice for lack of prosecution and failing to file a complaint on record. See Exhibit "A".

2. On 04/07/2010, Judge Valarie Manno Schurr re-entered the same order dismissing the complaint with prejudice for the same exact reasons. Whereas the reasons for the judge re-entering the order was due to lack of prosecution. See Exhibit "B".

3. 07/07/2010, Judge Valerie Manno Schurr entered an order removing the prejudice from the order' entered on 04/07/2010, to reflect dismissal. The Defendant was not present when the order was entered violating due process due to ex parte whereas defendants could not object and oppose the judge unconstitutional actions because they were not present nor had any knowledge of the judge's action. See Exhibit "C".

4. We have verified proof that Judge Valerie Manno Schurr was not appointed over our case by any clerk of court or chief judge. See Exhibit D"

5. We have proof that Judge Valerie Manno Schurr conducted hearings and rulings ex parte, meaning we were not present. Nor were we given notice. Nor had any knowledge of those hearings. See Exhibit C."

6. We have proof that after Judge Valerie Manno Schurr illegal void orders

were made an entered on the docket the alleged Plaintiffs' Attorneys filed an illegal fraud foreclosure six months later conspiring with criminal acts of Organized Fraud where property is valued at more than $50,000. See Exhibit "E".

7. We have administrative orders from 2008 through 2011, showing Chief Judge Joe Brown never appointed Valerie Manno Schurr over our case that was already closed. See Exhibit D".

8. We have proof that Judge Valarie Marino Schurr never entered and signed the orders in this case. See USB submitted as evidence.

9. We have proof that the evidence was presented to Judge Valarie Manno Schurr and once she reviewed the evidence, she recused herself from our case. Exhibit G".

-14

10. We have proof within the order recusing Judge Valarie Manno Schurr, where Judge Valarie Marino Schurr signed and dated the order and her signature is different from 9 the signatures rendered on order of dismissal with prejudice and dismissal without prejudice. Exhibits B, C and G".

12. We have proof of the original order Dismissing our case with prejudice ln 2009. Exhibit A".

13. The ultimate proof of fraud will be the evidence of the fonts used to draft our document are typed different for example the word Defendant(s) in the first line of their paragraph from their LIS PENDENS the letter **D** is capitalize and the letter **S** is in parenthesis (s)-Defendant(s), the profession Attorney's way, Exhibit M. In our Dismissal with Prejudice Plaintiff Attorney rewrote our word Defendants there is no

Parenthesis for the letter **S** and the **D** is not Capitalized on the first line of the paragraph in our motion Dismissal with Prejudice. Example ours is written defendants, Exhibit B.  in our ORDER OF DISMISSAL WITH PREJUDICE the defendant's Leroy William's name is in lowercase letters but in U.S. Bank's Docketed Documents every time they style the Case the Defendant's name like LEROY WILLIAMS is always in full Capital Letters, Exhibit  M. and N. as opposed to our written Document, Exhibit B.

14. The fonts the Plaintiff's attorneys used to duplicate the dismissal with prejudice by taking Judge Sarah Zabel's name off and placing Judge Valerie Manno Schurr's signature on the forged fraudulent dismissal with prejudice. The printed name of Judge Sarah Zabel's name was also taken off and Plaintiffs attorney used a stamped and stamped to the side of the signature of Valarie Marino Schurr. Which is in violation of Florida

-16

Statute Chapter 695.26 (1)(c) stating the name is to be printed directly under the signature. Exhibit A.

15. We have proof that there was never an original Complaint Filed with the

original allonge, note, mortgage and assignment filed along with the certification as required by Florida Statute Chapter 702,015 (3) & (4). See Exhibit I." We have proof that Judge Valarie Manno Schurr obtained financial benefit from GMAC the servicer of US Bank for $995,000.00, which creates a Horrible conflict of interest. This proves motive and conspiracy as to the involvement with our case. See Exhibit J and O"

- **16. We have a recorded Virtual Zoom hearing as evidence to Judge Valerie**

**Manno Schurr's** involvement. See the USB evidence submitted. Will be provided

Monday. See USB entered as evidence.

-17

17. We were defrauded by the Mortgage company by making payments to Axiom Bank two months after they foreclosed, whereas proving they had no Jurisdiction to foreclose our property because payment was made. And *we* were never given notice of foreclosure. See Exhibit "K".

18. We have proof that the 2007 case is the exact same case as the 2010 case or an extension of the 2007 case up until this date as proof from Plaintift\s Attorneys Memorandum of Law, see Exhibit L".

19. Defendant/Counter-Plaintiff obtained a Police report to initiate charges for Conspiracy to commit Organized Fraud Florida Statute Chapter 817.034, Official Misconduct 838.022, Violation of Oath of Office, Misprision and Treason. See Exhibit "Q" Police Report Case Number **PD240614188594**.

20. All departments, agencies, and Sheriff Office are given a Demand within

this affidavit to Cease and Desist while Operating Under Color of Law to execute any Writ of Possession, any Orders for foreclosure, any Orders for Eviction due to DEPRIVATION OF RIGHTS, CONSPIRACY AGAINST RIGHTS, CLINICS AGAINST HUMANITY, VIOLATION OF OATHS OF OFFICE, DERELICTION OF DUTY, MISPRISION OF FELONY, MISPRISION AND TREASON, ORGANIZED FRAUD, FORGERY AND CONSPIRACY ALL UNDER R.I.C.O.

# WITNESS RETALIATION IN VIOLATION WITH 18 U.S. CODE SS

-19

1513 ON JUNE 16TH, 2024 we filed the Color Of Law Criminal Complaint against Judge EIG for violation of Federal Stay Deliberately bypassing an obvious Stay and for operating without Jurisdiction after the Case was dismissed with prejudice and the Judge continued operating in the Case Illegally to Evict us from our home without jurisdiction and was never appointed as our Judge in an attempt to

-20

expedite an Illegal Foreclosure so that they could do an Illegal Objection to Sale by Fraudulently saying that we never objected to the sale when we obviously did object to the sale and then so that we would lose our house under fl. Bill 87 which says itf you lose your house wrongfully in a foreclosure and you are evicted you can not get your house returned. You can only sue thereby accomplishing the act of enforcing the

-21

**Black code which says black people cannot own property but they say that we would win money but be without our property which is the endgame of what they're trying to do to help developers get our property that's on the water.And after I filed the charges against this Judge for Criminal misconduct and Color of Law(COL) as listed on the Docket # 491 date of 06/17/24 the Judge retaliated by putting in a writ of Possession to give our home away even though we never**

-22

missed a payment on our Mortgage this is Discrimination and absoulute Racism in violation of the   Judge Spencer EIG retaliated against Fl. Statute 914.21 (1)

We filed charges against him

**WHEREFORE**,   WHEREFORE,   .MR. MACK  WELLS   AND   MAURICE SYMONETTE,   REMOVES   THIS ACTION   FROM   THE   ELEVENTH CIRCUIT  COURT  OF  DADE  COUNTY

-23

FLORIDA BEARING CIVIL CASE NO.2010-61928-CA01 TO THIS COURT PURSUANT TO 28 U.S.C. SS 1441,,and1446.Defendant, MACK WELLS AND MAURICE SYMONETTE, 'Prayer for Relief". 13. Under 28 U.S.C. SS 1441(a), venue of the removed action is proper in this Court as a district or division embracing the place where the state **CASE IS PROPERLY REMOVABLE TO FEDERAL COURT** BECAUSE IT

-24

INVOLVES A CONTROVERSY THAT EXCEEDS $75,000, EXCLUSIVE OF INTEREST AND COST. SEE U.S.C. SS 1332, 1441, AND 1446. Venue is proper in division in accordance with 28 U.S.C. SS2 respectfully requests that this Honorable Court exercise Jurisdiction over this matter. Dated: July 6th, 2023. Respectfully submitted. All Defendants have consented to and join in the removal of the State Court Action. The written consent and joinder of

-25

all other defendants is attached to this Notice. Ex. 42.

/S/MACK WELLS
MACK WELLS
15020 S. RIVER DR.
MIAMI FL. 33167

/S/MAURICE SYMONETTE
MAURICE SYMONETTE
15020 S. RIVER DR.
MIAMI FL..332167

## CERTIFICATE OF SERVICE

I hereby certify that on June 22, 2023, the foregoing Notice of Removal, and all exhibits thereto, were filed via this Court's electronic filing system and that copies of same were served upon all parties via overnight mail at the addresses listed in the Complaint:

BROCK & SCOTT, PLLC
Attorney for Plaintiff
2001 NW 64th St, Suite 130Ft. Lauderdale, FL 33309
Phone: (954) 618-6955, ext. 6133
Fax: (954) 618-6954
FLCourtDocs@.brockandscott.com

By   /s/ Mehwish Yousuf
Mehwish Yousuf, Esq.
Florida Bar No. 92171

## SERVICE LIST

The following persons were served by e-mail:

Deutsche Bank National Trust Company, as Trustee for Franklin Credit Trust
Series Ic/o Jessica F. Watts, Esq.
19321 US Highway 19, Suite 512
Clearwater, FL 33764
eservice@quinnlegal.com; Kmiller@quinnlegal.com

Miami-Dade
County, Florida
c/o Altanese
Phenelus, Esq.
111 NW 1st
Street
Miami, FL 33128
yvaldes@miamida
de.gov

City of North
Miami (City)
Jennifer L.
Warren
776 N.E
125th Street
North
Miami, FL
33161
cityattorney@northmiamifl.gov

U.S. Bank, National Association, as Trustee for RASC 2005AHL3
% Michael L. Eisenband, Esq. & Nicole R.
Topper, Esq.500 E. Broward Blvd., Suite
2100
Fort Lauderdale, FL 33394

BRFLeservice@BlankRome.com; MEisenband@BlankRome.com; NTopper@BlankRome.com