UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT COURT OF FLORIDA

U.S. BANKNATIONAL ASSOCIATION
AS TRUSTEE FOR RASC:2005 AHL3, MERS
, FRANKLYN CREDIT MANAGEMENT
CORP AND AXIOM FINANCIAL SERVICES

Plaintiffs.

v.

MACK WELLS and
MAURICE SYMONETTE

Defendants.

CASE: 24-CV-22413-JB

FILED BY _____ /___ D.C.

JUN 25 2024

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

# EMERGENCY MOTION TO STOP EVICTION FOR VIOLATION OF NOTICE OF REMOVAL STAY USING FORGERY AND FRAUD

We filed a Federal Notice of Removal July 14th 2023 in Ft. Lauderdale under case# 23-cv-61345 Filed and labeled Maurice Symonette and Mack Wells Notice of Removal Exh.1A and 1B with the receipt saying that this Case is in the Wrong Venue in Ft. Lauderdale and will be sent to Dade County with the new Case# 23-cv-22640-JEM 28 U.S. Code SS 1446 and 1441 says only Defendants can Remove a State Court Case to Federal Court so when we filed in the wrong venue by mistake and they sent our case to Dade county where the Case Originated which was the right Division under Case# 23-cv-22640-JEM wherein Judge Martinez asked us to prove why we had Jurisdiction, filed on the Docket August 3rd, 2023. August 7th, 2023 we filed our Jurisdictional Memorandum, on 11/08/23 Defendant U.S. Bank began to respond to our Notice of Removal and Complaint and until this day we have been in Federal Removal and they have not answered but during the interim Judge Carlos Lopez tried to sell the house while we had a Notice of Removal and then he stopped the Sale of the House after we Pointed out to him the Notice of Removal and then we noticed that US BANK was continuing the Foreclosure because they snuck a Fake Forged Remand Order by us that had the a signature that's obviously not Judge Jose E. Martinez's

signature see Exh. 5. As compared to his signature on our new Case# 23-cv-22640-JEM wherein Judge

Martinez asked us to prove Federal Jurisdiction so therefore we demand to see the Original filings with

the Original Signatures on Case#23-cv-22640 and Case#23-cv-22848, because we believe that some

other filings are Forged and not Original. see Judge Martineze's signature, Exh. 6. And three other cases

of Judge Martinez's signature. Martin V. Ogwyn, Exh. 7., Smith Jr. v City of Miami, Exh. 8-1 and 8-2 and

the United States of America V. Davis, Exh. 9-1. All of these Signatures are the same showing the

incursive J going slightly towards the left with a half a circle J with an Apostrophe at the top at the end of

Jose' the middle initial E is leaning towards the right with the end of the E at the bottom going up with a

period the line on the M slants towards the right and then back towards the left with a hook at the end

with the A, R, T and with a incursive Z, the J is a circular pyramid very wide pointing towards the left, the

middle initial E doesn't look at all like the Middle initial E on the other true signatures, Exh .6. and it has

no period and the (mart) has the A with no R like the original, Exh. 6. with the rest of the alphabets

leaning towards the right. And the alphabet T does not have a straight line slanted down like the rest of

the Ts on his correct signatures, the fake T has a hook on the left the original does not have the hook

and does not have the incursive E or the long Z at the end of his name so therefore this is not Judge

Martinez's signature and a fake Order. like Judge Valerie Manno Schurr said in her hearing with us that

she did not sign that  Order and whispered to the Attorneys asking in a whisper "Why did you sign those

Orders for, me I did not tell you to sign that Order" and I asked her what did you say and she said "hello"

"OH, nothing" she said *HELLO* because she didn't realize that we could hear her mistakenly unmuted MIC,

see: Gods2.com video #1.  This shows their Collusion. Then I told her about the ORDER she so called

signed and she said I did not sign those that was (Judge) Veronica Diaz, Gods2.com, and then I showed

her the Orders with her Forged signature, Exh. 10 and 11. and she was shocked and I showed her her

own FORM 6 Affidavit for the State of Florida that showed that she had a terrible Conflict of interest

because of the fact that she made 995,000 + 440,000 and over time she made 11, Million from GMAC,

Exh. 12. the Servicer for U.S. Bank, Exh. 13. and the next day she Recused herself, Exh. 15. and **REVERTED** the Case back to being Dismissed with Prejudice, Exh. 17. And according to Florida Rule 2.160 (H-J) the original Order of our true Judge Sarah Zabel, Exh. 17. and three Affidavits of witnesses that saw Judge Zabel sign the Dismissal with Prejudice dated 04/06/09, Exh. 14. 1-2-3 put on the Docket 04/07/09, Exh. 18. and she signed our copy as a receipt for us, Exh.17. And so we know that the US BANK Lawyers Forged Judge Valerie Manno Schurr's Order, Exh. 20. And I know that Judge Jose E. Martinez signature be on that Remand Order dated 08/23/2023 when he knew I filed a corrected Amended Notice of Removal and Complaint under the Case# 23-cv-22640-JEM dated 07/14/23 that came from the confusion of us filing the Notice of Removal in the wrong Division Ft. Lauderdale that they transferred to Dade Cunty Federal Division the same Day wherein Judge Martinez asked us to show why the Federal Courts had Jurisdiction to Remove this Case to Federal Court as seen in case# 23-cv-22640-JEM Dated 08/03/23  we showed our Jurisdiction 08/07/23 and we filed our Amended Complaint listed 08/01/23 which also had the Amended Notice of Removal written June 29th, as seen bove the signatures of the Document attached to the Amended Complaint Exh 18. 1 and 2. but Fraudulently did not show on the Federal Docket Dated, 08/02/23, because of the Powerful Federal Jurisdictions in it, but said and mentioned because we did File it, 08/07/23 Docket, taken out of the Docket and used by U.S. BANK LAWYERS FRAUDULENTLY to do a FED. NOTICE OF REMOVAL Filed by U.S. BANK N.A. in Violation of 28 USC 1446 (b)(1) which only allows Defendants to File. Which U.S. BANK as the Plaintiff cannot do a Notice of Removal because they choose the County Venue and they used SYMONETTE and WELL's signature to File for U.S. BANK N.A. as seen on the 23-CV-22848-JEM FAKE CASE number one on that Docket. The Law says a person can't sign for a Corporation, Walacoerage v. Excell. but U.S. BANK LAWYERS USD our signatures to file for U.S. BANK N.A. Evan though SYMONETTE nor WELL's filed or opened that 23-CV-22848-JEM Fraudulent Case 07/31/23 U.S. BANK did this by taking the Document filing dated July 31st of the NOTICE of Filing  our Notice of Removal, Exh. 20. They took this and started a

whole new Case without our Permission. And that's why we had to file our notice of compliance for the Notice of Removal and Complaint 10/12/23, and then we had to file our Notice of Removal in County Court Case# 1010-61928-CAO1, 10/13/23, 10/14/23 and 10/15/23 and the Clerks tried to keep our filings off the Docket even though we E Filed the Notice of Removal but it would not show on the **DADE DOCKET** several times, Exh. 19. and we gave it to the Clerk at the Clerk's Counter on Camera and gave it to Judge Carlos Lopez direct as admitted by the HEAD CLERK after we showed her the video proof then they put the Notice of Removal Filings on the DADE DOCKT Case # 2010-61928-CA01 Dated and seen on Docket Oct. 13th ,14th, and 15th, before the Oct. 16th Sales Date but they allowed the Sale to go anyway in Violation Federal Stay Law 28 U.S. CODE SS 1446 (d) on video gods2.com 1G-18. and 19. in the County Case# 1010-61928-CAO1 and they did the Sale anyway in Violation of 28 US CODE SS 1446(d). US BANK knew were in the NOTICE OF REMOVAL Court because US BANK did a Notice of Appearance to our Notice of Removal as seen on the Federal Docket Case #23-CV-22640-JEM Dated 08/07/2023, 10/12/2023 and 11/08/2023 that's LINES 8, 9 and 10. And as seen in the County Case# 1010-61928-CAO1 and as seen on Docket Oct. 13th ,14th, and 15th, before the Oct. 16th Sales Date. We objected to the Sale and Judge Carlos Lopez immediately stopped being the Judge and Judge Spencer Eig became the Judge and we pointed out to him that this case has already been Removed to Federal Court and its still in Federal Court and Judge Eig Went against 28 U.S. Code SS 1446 (d) and went against the 3rd DCA Appellate Court Garcia V. Deutsche Bank Nat'l Trust Co., of the which says once a Notice of Removal is Filed all State actions stops which is totally binding on Judge Spencer Eig of the 11th Judicial Circuit Court from the Federal Courts and the 3rd DCA Appellate Court

# NOW TO SHOW THE FORGERY AND FRAUD TO ILLEGALLY STEAL VETERANS AND CRIPPLE BLACK PEOPLE'S PROPERTY

We filed a Notice of Removal July 17th in Ft. Lauderdale Case# 23-cv-61345 Exh. 1. With the receipt on the comments line with the Case# 23-cv-61345 Wells Et Al V. U.S Bank National Association Et al wherein we paid the $402 cash as required and **very important to notice** that the Case# on the receipt on Case# 23-cv-61345 has the Case# of the transferred Case# 23-cv-22640 because the case was transferred to the Miami Division but the point is the Document# is written at the very top of all the of all the Documents on a Federal Docket but this receipt on all Federal Dockets! Exh. 4 but for this strange Case that now mysteriously shows up Docket text filed 07/14/23 it says Clerks Notice to filer reference Case administratively closed. Wrong venue selected by filing Case has been renumbered to the new Case# 23-cv-22640 no further entries will be made on this case entered 07/14/23 Exh. 3. A, B, and C. but it was the wrong Division and was transferred the same day to the Correct Division in Dade-County Federal Court with the case# 23-cv-61345

I want you to take notice that the remand for July 31st has a forged signature from the wrong case# that never existed because they immediately put it in the Miami-Dade Federal Court which was the correct division and not only was the signature on the remand forged but the signature for the clerk on the certified stamp was forged too. The whole case for Case# 23-CV-22848 is totally Fraudulent, the Case# that was actually filed and paid for by us was Case# 23-CV-61345 and that Case was immediately moved to Miami under Case #23-CV-22640 the other Case# 23-cv-22848 that was Supposedly Remanded has file date of July 31st but only case we filed was on July 14. Also the Order of Remand that was put on that case didn't make any Sense it said that US Bank filed a Notice of Removal that was found in the State Court on July 31st did not have my signature on it and it had the wrong Case#23-cv-22848 on it my Case# is 23-cv-22640 and the Case#23-cv-22848 on that one is from U.S. Bank filing a fake receipt when I filed it it had the correct case# on it but the Clerk and the Lawyers changed it just like they did Valerie Manno Schurr. It has the same Fonts for Aug 11 2008 labels For Sara Zabel's

Dismissal with Prejudice. And Valerie Manno Schurr said she did not sign it and according to Fl. Stat.695.26(a)

It says a printed name must be under the Signature according to Fannie Mae rule B8-3-04 and their literally using our same fonts so that the Notice of Removal is literally not the one that we filed in Federal Court ours ended in 640 theirs ended in 848 and then they Remanded it by signing the Signature.

So that they Could continue the fake Foreclosure that they were doing unbeknownst to us because we were working on the Federal Case#23-cv-22640 but when we caught on was when we found out they still had a Sale for the house so we had to go get our notice of removal papers.

(5)    . This State Court is precluded by federal law, based on the application of the automatic stay Federal code 28 U.S. SS 1446 (D), from allowing the sale to proceed forward in this instance. This Court has no discretion in this matter when it comes to the removal statute and its effect on the jurisdiction of this Court.

The Third District, whose decisions are utterly binding on this Court stated, in *Garcia v. Deutsche Bank Nat'l Trust Co.*, 259 So. 3d 201, 202 (Fla. 3DCA 2018), that "State court jurisdiction ceases upon removal of a case to federal court and ***any pre-remand proceedings occurring in the state court after the case has been removed are void***"

(citing *Musa v. Wells Fargo Del. Tr. Co.*, 181 So. 3d 1275, 1277 (Fla. 1st DCA 2015)) [emphasis added]. But it does not end there. Even more telling as to the effect of a

on a court's jurisdiction is what the Third District stated following that which was

"[i]n a detailed review of the law in this area, the First District concluded that even an

IN THE ELEVENTH JUDICIAL CIRCUIT COURT IN AND FOR

MIAMI-DADE COUNTY, FLORIDA

Mack Wells & Maurice Symonette,

    Defendant/Counter-Plaintiff.        Case Number.: 2010-61928-CA01

Vs.                            Started with Case No.: 2007-12407-CA01

U.S. BANK NATIONAL ASSOCIATION,

    Plaintiff/Counter-Defendant.

## AMENDED

## NOTICE OF FILING COLOR OF LAW (COL)

## WITH ATTACHED AFFIDAVIT OF FACTS AND

## EVIDENCE WITH POLICE REPORT CASE NUMBER

## PD240614188594 SEE EXHIBIT Q

**Comes now Mack Wells and Maurice Symonette with our** Notice of filing color of law (COL) with attached Affidavit of facts and evidence with police report case number pd240614188594 see exhibit Q with attached Exhibits.

/S/MAURICE SYMONETTE
**MAURICE SYMONETTE**
**15020 S. RIVER DR.**
**MIAMI FL. 33167**

/S/MACK WELLS
**MACK WELLS**
**15020 S. RIVER DR.**
**MIAMI FL. 33167**

IN THE ELEVENTH JUDICIAL COURT IN AND FOR MIAMI. DADE, FLORIDA

MACK WELLS & MAURICE SYMONETTE
Defendant / Counter plaintiff

VS.

CASE NO: 2010-61428-CA01

US. BANK NATIONAL ASSOCIATION
Plaintiff / Counter Defendant

NOTICE OF FILLING COLOR OF LAW
With Attached Exhibits

Rose O'Connor 79803

2024 JUN 14 PM 4:01

MAURICE SYMONETTE
Bigboss1043@yahoo.co
phone: 786-859-9421

IN THE ELEVENTH JUDICIAL CIRCUIT COURT IN AND FOR

MIAMI-DADE COUNTY, FLORIDA

Mack Wells & Maurice Symonette,

    Defendant/Counter-Plaintiff,       Case Number.: 2010-61928-CA01

Vs.                                Started with Case No.:  2007-12407-CA01

U.S. BANK NATIONAL ASSOCIATION,

    Plaintiff/Counter-Defendant.

## AMENDED

## NOTICE OF FILING COLOR OF LAW (COL)

## WITH ATTACHED AFFIDAVIT OF FACTS AND

## EVIDENCE WITH POLICE REPORT CASE NUMBER

## PD240614188594 SEE EXHIBIT Q

**Comes now Mack Wells and Maurice Symonette with our** Notice of filing color of law (COL) with attached Affidavit of facts and evidence with police report case number pd240614188594 see exhibit Q with attached Exhibits.

**/S/MAURICE SYMONETTE**
  **MAURICE SYMONETTE**
  **15020 S. RIVER DR.**
  **MIAMI FL. 33167**

**/S/MACK WELLS**
  **MACK WELLS**
  **15020 S. RIVER DR.**
  **MIAMI FL. 33167**

IN THE ELEVENTH JUDICIAL CIRCUIT COURT IN AND

FOR MIAMI-DADE COUNTY. FLORIDA

Mack Wells & Maurice Symonette.

Defendant/Counter-Plaintiff,                    Case No.: 2010-61928-CA-01

U.S. BANK NATION YL ASSOCIATION.

Plaintiff Counter-Defendant.

## AMENDED
## AFFIDAVIT OF FACTS

### Maurice Symonette & Mack Wells

### Prima Facie Evidence

### MDPD Case Number
### PD240614188594

WE ATTEST THAT ALL FACTS submitted herein are true and correct to the best of our knowledge and that the following facts are submitted on our own accord:

1.  04 07 2007. Mortgage Foreclosure was filed in case number 2007-12407-CA-01. the case was dismissed with prejudice for lack of prosecution and failing to file a complaint on record. See Exhibit "A".

2.  On 04 07 2010. Judge Valarie Manno Schurr re-entered the same order dismissing the complaint with prejudice for the same exact reasons. Whereas the reasons for the judge re-entering the order was due to lack of prosecution. See Exhibit "B".

3.  07 07 2010. Judge Valerie Manno Schurr entered an order removing the prejudice from the order' entered on 04 07 2010. to reflect dismissal. The Defendant was not present when the order was entered violating due process due to ex parte whereas defendants could not object and oppose the judge unconstitutional actions because they were not present nor had any knowledge of the judge's action. See Exhibit "C".

4.  We have verified proof that Judge Valerie Manno Schurr was not appointed over our case by any clerk of court or chief judge. See Exhibit D"

5.  We have proof that Judge Valerie Manno Schurr conducted hearings and rulings ex parte. meaning we were not present. Nor were we given notice. Nor had any knowledge of those hearings. See Exhibit C."

CASE# 2010-61928-CA

| Form **COL** | **Violation Warning** **Denial of Rights Under Color of Law** |
|---|---|
| | ▶ Violation Warning—18 U.S.C. §242; 18 U.S.C. §245; 42 U.S.C. §1983 |

| Name and address of Citizen | Name and address of Notice Recipient |
|---|---|
| MAURICE SYMONETTE 15020 S. RIVER DR Miami FL. 33167 | |

Citizen's statement — This Color of law notice is to inform you and your department to Cease and desist from any and all acts pending or orders made in violation of my rights and laws that are within my interest! See attached affidavit!

I certify that the forgoing information stated here is true and correct.

Citizen's signature ▶ Maurice S.

Date ▶ JuNe 14th 2024

## Legal Notice and Warning

**Federal law provides that it is a crime to violate the Rights of a citizen under the color-of-law. You can be arrested for this crime and you can also be held personally liable for civil damages.**

Attempting to cause a person to do something by telling that person that such action is required by law, when it is not required by law, may be a felony.

18 USC §242 provides that whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person in any State, Territory, Commonwealth, Possession, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States ... shall be fined under this title or imprisoned not more than one year, or both.

18 USC §245 provided that Whoever, whether or not acting under color of law, intimidates or interferes with any person from participating in or enjoying any benefit, service, privilege, program, facility, or activity provided or administered by the United States; [or] applying for or enjoying employment, or any perquisite thereof, by any agency of the United States; shall be fined under this title, or imprisoned not more than one year, or both.

42 USC §1983 provides that every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

**Warning**, you may be in violation of Federal Law and persisting with your demand may lead to your arrest and/or civil damages! Also understand that the law provides that you can be held personally responsible and liable, as well as your company or agency.

**You are advised** to cease and desist with your demand and to seek *personal* legal counsel if you do not understand the law.

Notice of Service:

I, _____ certify that I personally delivered this notice to above named recipient and address on _____ at _____.

Public Domain—Privacy Form COL(01)

6. We have proof that after Judge Valerie Manno Schurr illegal void orders were made an entered on the docket the alleged Plaintiffs' Attorneys filed an illegal fraud foreclosure six months later conspiring with criminal acts of Organized Fraud where property is valued at more than $50,000. See Exhibit "E".

7. We have administrative orders from 2008 through 2011, showing Chief Judge Joe Brown never appointed Valerie Manno Schurr over our case that was already closed. See Exhibit D".

8. We have proof that Judge Valarie Marino Schurr never entered and signed the orders in this case. See USB submitted as evidence.

9. We have proof that the evidence was presented to Judge Valarie Manno Schurr and once she reviewed the evidence. she recused herself from our case. Exhibit G".

10. We have proof within the order recusing Judge Valarie Manno Schurr. where Judge Valarie Marino Schurr signed and dated the order and her signature is different from 9 the signatures rendered on order of dismissal with prejudice and dismissal without prejudice. Exhibits B. C and G".

11. We have proof that Plaintiff's lawyers took and forged our dismissal with prejudice that Judge Sarah Zabel had us to prepare where we personally witnessed her sign our order in her chambers, and the judge signed a duplicate copy for us to keep as a receipt and she had the bailiff to put it on the docket and *we* have the docket showing that it was placed on the docket April 7th, 2009. We have three witness affidavits to prove this took place. See Exhibit H"

12. We have proof of the original order Dismissing our case with prejudice In 2009. Exhibit A".

13. The ultimate proof of fraud will be the evidence of the fonts used to draft our document are typed different for example the word Defendant(s) in the first line of their paragraph from their LIS PENDENS the letter **D** is capitalize and the letter **S** is in parenthesis (s)-Defendant(s). the profession Attorney's way. Exhibit M. In our Dismissal with Prejudice Plaintiff Attorney rewrote our word Defendants there is no Parenthesis for the letter **S** and the **D** is not Capitalized on the first line of the paragraph in our motion Dismissal with Prejudice. Example ours is written defendants. Exhibit B.  in our ORDER OF DISMISSAL WITH PREJUDICE the defendant's Leroy William's name is in lowercase letters but in U.S. Bank's Docketed Documents every time they style the Case the Defendant's name like LEROY WILLIAMS is always in full Capital Letters. Exhibit M. and N. as opposed to our written Document. Exhibit B.

14. The fonts the Plaintiff's attorneys used to duplicate the dismissal with prejudice by taking Judge Sarah Zabel's name off and placing Judge Valerie Manno Schurr's signature on the forged fraudulent dismissal with prejudice.

The printed name of Judge Sarah Zabel's name was also taken off and Plaintiffs attorney used a stamped and stamped to the side of the signature of Valarie Marino Schurr. Which is in violation of Florida Statute Chapter 695.26 (1)(c) stating the name is to be printed directly under the signature. Exhibit A.

15. We have proof that there was never an original Complaint Filed with the original allonge, note, mortgage and assignment filed along with the certification as required by Florida Statute Chapter 702,015 (3) & (4). See Exhibit I." We have proof that Judge Valarie Manno Schurr obtained financial benefit from GMAC the servicer of US Bank for $995,000.00. which creates a Horrible conflict of interest. This proves motive and conspiracy as to the involvement with our case. See Exhibit J and O"

16. **We have a recorded Virtual Zoom hearing as evidence to Judge Valerie Manno Schurr's** involvement. See the USB evidence submitted. Will be provided Monday. See USB entered as evidence.

17. We were defrauded by the Mortgage company by making payments to Axiom Bank two months after they foreclosed. whereas proving they had no Jurisdiction to foreclose our property because payment was made. And *we* were never given notice of foreclosure. See Exhibit "K".

18. We have proof that the 2007 case is the exact same case as the 2010 case or an extension of the 2007 case up until this date as proof from Plaintift s Attorneys Memorandum of Law. see Exhibit L".

19. Defendant Counter-Plaintiff obtained a Police report to initiate charges for Conspiracy to commit Organized Fraud Florida Statute Chapter 817.034. Official Misconduct 838.022. Violation of Oath of Office. Misprision and Treason. See Exhibit "Q" Police Report Case Number **PD240614188594**.

20. All departments. agencies. and Sheriff Office are given a Demand within this affidavit to Cease and Desist while Operating Under Color of Law to execute any Writ of Possession. any Orders for foreclosure. any Orders for Eviction due to DEPRIVATION OF RIGHTS. CONSPIRACY AGAINST RIGHTS. CLINICS AGAINST HUMANITY. VIOLATION OF OATHS OF OFFICE. DERELICTION OF DUTY. MISPRISION OF FELONY. MISPRISION AND TREASON. ORGANIZED FRAUD. FORGERY AND CONSPIRACY ALL UNDER R.I.C.O.

**I DECLARE UNDER PENALTY OF PERJURY,** that all the facts stated herein are true and correct to the best of my knowledge and ability. And that the facts stated herein were made of my own accord. Executed this 14th day of June 2024.

/S/**MAURICE SYMONETTE**
MAURICE SYMONETTE
15020 S. RIVER DR.
MIAMI FL. 33167
Bigboss1043@yahoo.com
Phone: 786-859-9421

/S/**MACK WELLS**
MACK WELLS
15020 S. RIVER DR.
MIAMI FL. 33167

CC
Homeland Security Investigation
11226 NW 20th Street
Miami, Fl. 33172
Certified Receipt:

Federal Bureau of Investigation
2030 SW 145th Avenue
Miramar, Fl. 33027
Certified Receipt:

US Attorney General Merrick B. Garland,
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001
openjustice@doj.ca.gov
Certified Receipt:

Fraud Enforcement and Recovery Act

Florida Attorney General Ashley Moody,
Office of the Attorney General
State of Florida
PL-01 The Capitol
Tallahassee, FL 32399-1050
citizenservices@myfloridalegal.com
Certified Receipt:

State Wide Prosecutor Nicolas B. Cox
3507 E Frontage Rd. Ste 325

Tampa. Florida 33607-1795
Certified Mail Receipt:

Miami-Dade County Office of the inspector General
601 NW 1st Court 22nd Floor
Miami. Florida 33136
Certified Receipt:

Office of Miami Dade County State Attorney:
Katherine Fernandez Rundle
1350 NW 12th Ave
Miami. Fl 33136-2102
Certified Receipt:

Chief Justice John Roberts
1 First Street North East
Washington D.C. 20543
Certified Receipt:

Antonio Guterres United Nation
C O 405 East Forty Second Street
New York. New York 10017
Certified Receipt:

Governor Ron DeSantis
400 S. Monroe Street
Tallahassee. Florida 32399
Certified Receipt:

President Joe Biden
1600 Pennsylvania Avenue NW
Washington D.C. 20500
Certified Receipt:

Donald J. Trump
The Mar-a-Lago Club
1100 South Ocean Blvd.
Palm Beach. Florida 33480

Exh A

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND
FOR DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO. 2007-12407-68

US Bank N.A.
Plaintiff

vs.

Leroy Williams
Defendant(s)

## ORDER OF DISMISSAL WITH PREJUDICE

This action was heard on the defendants motion to dismiss for lack of prosecution. Served on April 11 2008. The court finds that (1) notice prescribed by rule 1.40 (e) Was served on April 11 2008. (2) their was no record activity for the year preceding Service of the foregoing notice. (3) no stay has been issued or approved by the court And (4) no party has shown good cause why this action should remain pending. Accordingly,

IT IS ORDERED That this action is Dismissed for lack of Prosecution with Prejudice. DONE AND ORDERED in chambers, at Miami dade county, Florida this 31th day of March, 2008.

SARAH I ZABEL
Circuit Court Judge

https://ecf.flsd.uscourts.gov/cgi-bin/DktRpt.pl?...

EXH 1A Pg 1

Query   Reports   Utilities   Help   Log Out

CLOSED

## U.S. District Court
## Southern District of Florida (Ft Lauderdale)
## CIVIL DOCKET FOR CASE #: 0:23-cv-61345

Wells et al v. U.S. Bank, National Association et al
Assigned to:
Cause: 28:1331 Federal Question

Date Filed: 07/14/2023
Date Terminated: 07/14/2023
Jury Demand: None
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

**Plaintiff**

Mack Wells

represented by **Mack Wells**
15020 S. River Dr.
Miami, FL 33167
PRO SE

**Plaintiff**

Maurice Symonette

represented by **Maurice Symonette**
15020 S. River Dr.
Miami, FL 33167
PRO SE

V.

**Defendant**

U.S. Bank, National Association
*As Trustee for FASC 2005 AHL3*

**Defendant**

MERS Residential Funding

**Defendant**

Valerie Manno Shurr
Judge

**Defendant**

John Schlesinger
Judge

**Defendant**

La O
Judge

5/28/24

https://ecf.flsd.uscourts.gov/cgi-bin/DktRpt.pl?18304898910750

Exh. IA P. 2

**Defendant**

Veronica Diaz
*Judge*

**Defendant**

Samantha Cohein
*Judge*

**Defendant**

Vivianne Del Rio

**Defendant**

Brownwyn C. Miller
*Appellate Judge*

**Defendant**

Kevin Michael Emas
*Appellate Judge*

**Defendant**

Edwin Scales
*Appellate Judge*

**Defendant**

Federal Except Florida Power and Light

**Defendant**

Dade County Clerk of the Courts

**Defendant**

Harvey Ruvin
*Department of Records and Docket*

**Defendant**

Rene Garcia
*Commissioner*

**Defendant**

Carlos Lopez
*Judge*

**Defendant**

Jennifer Bailey
*Admin Judge*

| Date Filed | # | Docket Text |
| --- | --- | --- |

5/2

CM/ECF Live Database - flsd

https://ecf.flsd.uscourts.gov/cgi-bin/DktRpt.pl?18304896910...

Exh 1A3

| 07/14/2023 | 1 | COMPLAINT against All Defendants. Filing fees $ 402.00, filed by Maurice Symonette, Mack Wells. (Attachments: # 1 Civil Cover Sheet, # 2 Exhibits Part 1, # 3 Exhibits Part 2, # 4 Exhibits Part 3)(scn) (Entered: 07/14/2023) |
| 07/14/2023 | 2 | Clerk's Notice to Filer re: Electronic Case. Case administratively closed - Wrong Venue selected by Filer. CASE HAS BEEN RENUMBERED, the new case number is 1:23cv22640. Pro Se Filer informed Clerk the case is a Fort Lauderdale division case, Miami Dade is marked on civil cover sheet. No further entries will be made on this case. (scn) (Entered: 07/14/2023) |

### PACER Service Center

#### Transaction Receipt

05/28/2024 09:49:14

| PACER Login: | joshue8080 | Client Code: | |
| Description: | Docket Report | Search Criteria: | 0:23-cv-61345 |
| Billable Pages: | 2 | Cost: | 0.20 |

EXHIBIT B

IN THE CIRCUIT COURT OF THE
11ᵀᴴ JUDICIAL CIRCUIT IN AND
FOR DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO: 2007-12407-ca1

US Bank ,N.A.                                         April 1,2010
Plaintiff(s)

Vs.

Leroy Williams
Defendant(s)

ORDER OF DISMISSAL WITH PREJUDICE

This action was heard on the defendants motion to dismiss for lack of prosecution
Served on April 11,2008. The court finds that (1) notice prescribed by rule 1.40 (e)
Was served on April 11,2008; (2) their was no record activity for the year preceding
Service of the foregoing notice; (3) no stay has been issued or approved by the court
And (4) no party has shown good cause why this action should remain pending.
Accordingly,
IT IS ORDERED That this action is Dismissed for lack of Prosecution with Prejudice
DONE AND ORDERED in chambers, at Miami, dade county, Florida this 31th day of
March , 2010.

APR 06 2015        APR 06 2010

CIRCUIT COURT JUDGE

VALERIE MANNO SCHURR
CIRCUIT COURT JUDGE

CC. Allpaches

A TRUE COPY
CERTIFICATION ON LAST PAGE
HARVEY RUVIN, CLERK

3k 27244 Pg 4193 CFN 20100237159 04/09/2010 12:47:17 Pg 1 of 1 Mia-Dade Cty, FL

Exh. 1B

Page 1/1

Generated: Jul 14, 2023 4:16PM



# U.S. District Court

## Florida Southern - Fort Lauderdale

Receipt Date: Jul 14, 2023 4:16PM

Maurice Symonette

Cashier ID: #EB

Rcpt. No: 17100                    Trans. Date: Jul 14, 2023 4:16PM

| CD | Purpose | Case/Party/Defendant | Qty | Price | Amt |
|---|---|---|---|---|---|
| 200 | Civil Filing Fee- Non-Prisoner | | 1 | 402.00 | 402.00 |

| CD | Tender | | | | Amt |
|---|---|---|---|---|---|
| CA | Cash | | | | $402.00 |

Total Due Prior to Payment: $402.00

Total Tendered: $402.00

Total Cash Received: $402.00

Cash Change Amount: $0.00

Comments: Filing Fees for new case# 23-CV-61345 Wells et al v. U.S. Bank, National Association et al

Checks and drafts are accepted subject to collection and full credit will only be given when the check or draft has been accepted by the financial institution on which it was drawn.

3

ORDR

Exh. C pg.1

### IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
### IN AND FOR MIAMI-DADE COUNTY, FLORIDA
### CIVIL ACTION

US BANK, N.A.,
        Plaintiff,

CASE NO.     2007-12407-CA
DIVISION     32

vs.

LEROY WILLIAMS; MARK WELLS; FRANKLIN
CREDIT MANAGEMENT CORPORATION;  CITY
OF NORTH MIAMI;
        Defendant(s).

_____

SPACE FOR RECORDING ONLY F.S.M95.M

2010 JUN 25  PH 3:
   . RECORD

### FINAL ORDER DISMISSING CASE, CANCELING FORECLOSURE SALE, CANCELING NOTICE OF LIS PENDENS, AND SETTING ASIDE FINAL SUMMARY JUDGMENT AND SUBSTITUTING PHOTOSTATIC COPIES

THIS CAUSE having come on before the Court, ex parte, pursuant to the Motion filed by the Plaintiff, pursuant to Section 702.07 Florida Statutes (2005), and the Court being otherwise fully advised in the premises, it is.

ORDERED AND ADJUDGED as follows:

1.      The case be and the same hereby is dismissed, but without prejudice to the future rights of the Plaintiff to bring an action to foreclose the mortgage which is the subject matter of the instant cause.

2.      All Counts of the Complaint against Defendants: LEROY WILLIAMS; MARK WELLS; FRANKLIN CREDIT MANAGEMENT CORPORATION; CITY OF NORTH MIAMI,   are hereby  dismissed.

3.      Any scheduled foreclosure sale is canceled.

FILE_NUMBER: F07012148



Serial: 13666522
DOC_ID: M010502







4.   The Notice of Lis Pendens filed by Plaintiff and recorded in the public records of MIAMI-DADE County, Florida, regarding the below-described property:

> LOT 105, BISCAYNE GARDENS SECTION F PART I, ACCORDING TO THE PLAT THEREOF, AS RECORDED IN PLAT BOOK 44, PAGE 46, OF THE PUBLIC RECORDS OF MIAMI-DADE COUNTY, FLORIDA.

be and same hereby is canceled, vacated, discharged and shall be of no further force or effect, and the Clerk is hereby directed to record this Order to reflect same.

5.   The Final Summary Judgment heretofore entered on August 09, 2007, be and the same hereby is set aside and shall be of no further force or effect.

6.   The Plaintiff requests that the original Note and Mortgage be returned to the Plaintiff and photostatic copies shall be substituted in their place.

DONE AND ORDERED in Chambers in MIAMI-DADE County, Florida, this _____ day of _____, 2010.

JUN 2 3 2010

VALERIE R. MANNO SCHURR
Circuit Court Judge

VALERIE MANNO SCHURR
CIRCUIT COURT JUDGE

Copies furnished to:
Florida Default Law Group, P.L.
P.O. Box 25018
Tampa, Florida  33622-5018
All parties on the attached service list.
F07012148 – M016562
GMAC-CONV–ebiven



ExhC pg 3

Service List

LEROY WILLIAMS
15020 South River Drive
Miami, FL  33167

FRANKLIN CREDIT MANAGEMENT CORPORATION
C/o Corporation Service Company
1201 Hays St. Suite 105
Tallahassee, FL  32301-2525

CITY OF NORTH MIAMI
c/o V. Lynn Whitfield, Esq.
776 NE 125th Street
North Miami, FL  33161

MARK WELLS
15020 South River Drive
Miami, FL  33167

STATE OF FLORIDA, COUNTY OF MIAMI-DADE
I HEREBY CERTIFY that the foregoing is a true and correct copy of the
original filed in this office ___ 11/22 AD 20 11
HARVEY RUVIN, Clerk of Circuit and County Courts

Deputy Clerk ___

911235

# The Chief Clerk says there's no order from adminstrative judge or Chief judge For Valerie Manno Shurr on the 2010 Case as Seen on the 2040 Docket. Click Red Button below to listen





The Chief Clerk says there's no order from adminstrative Judge or Chief Judge For Valerie Manno Shurr on the 2010 Case as seen on the 2010 Docket. Click Red Button below to listen



# The Chief Clerk says there's no order from adminstrative Judge or Chief Judge For Valerie Manno Shurr on the 2010 Case as seen on the 2010 Docket. Click Red Button below to listen

Adminstrative Orders of The Chief Judge

| AO Title | Effective Date | AO Number | Case Number | Category | Amended | Rescinded |
|---|---|---|---|---|---|---|
| 1-09-11-Court of AOs Entered by Prior Chief Judge | 7/1/2009 4:00:00 AM | 09-11 | 09-1 | COURT ADMINISTRATION | | |
| 1-09-12-Reestablishment of Discipline for Process Servers | 7/28/2009 4:00:00 AM | 09-12 | 09-1 | COURT ADMINISTRATION | | |
| 1-09-13-Establishment of Pilot Project re Electronic Submissions Aslyon | 9/21/2009 4:00:00 AM | 09-13 | 09-1 | COURT ADMINISTRATION | | |
| 1-09-15-Revising Coordination in Family Law Cases | 10/1/2009 4:00:00 AM | 09-15 | 09-1 | FAMILY | | |
| 1-09-16-Authorization of Citizen Dispute Litigation Electronic Service Program | 11/4/2009 5:00:00 AM | 09-16 | 09-1 | COURT ADMINISTRATION | | |
| 1-09-17-Revisionary Discreet Inquiry Where Fish and Wildlife | 11/16/2009 5:00:00 AM | 09-17 | 09-1 | COURT ADMINISTRATION | | |
| 1-11-08-Application for Court Appointed Counsel Civil Proceedings | 8/12/2011 4:00:00 AM | 11-08 | 11-1 | COURT ADMINISTRATION | | |
| 2-10-04-REASSIGNMENT OF CTY CRT JUDGE ALTFIELD MELLAND TO THE COUNTY ONE | 5/20/2010 4:00:00 AM | 10-04 | 10-2 | COURT ADMINISTRATION | | |
| 2-10-06-Appointment of Lisa Walsh-Associate Administrative Judge Appellate Division | 4/29/2010 4:00:00 AM | 10-06 | 10-2 | COURT ADMINISTRATION | | |
| 2-10-07-Reassignment Of County Court Judge Teresa Brinkley From The County Civil Division, Dade County Courthouse, To County Criminal Division | 5/12/2010 4:00:00 AM | 10-07 | 10-2 | COURT ADMINISTRATION | | |

EXHIBIT

DOCKET #1

EXHIBIT C

3/7/2014

Miami-Dade County Clerk - Civil / Probate Justice System - Docket Information



🛒 0 Item(s) in Basket

Home      Online Services      About us      Contact us

# HARVEY RUVIN
## CLERK of the COURTS
### MIAMI-DADE COUNTY, FLORIDA

## Civil / Probate Justice System - Docket Information

BACK TO SEARCH RESULTS                    START A NEW SEARCH

**ALL PARTIES**
**US BANK (NA) vs WILLIAMS, LEROY**
* Click on BOOK/PAGE of a particular docket to see the image if it is available *

Case Number (LOCAL): 2007-12407-CA-01       Dockets Retrieved: 48       Filing Date: 04/26/2007
Case Number (STATE): 13-2007-CA-012407-0000-01                          Judicial Section: 32

| Date | Book/Page | Docket Entry | Comments |
|------|-----------|--------------|----------|
| 04/07/2011 | | LETTER OF CORRESPONDENCE | FROM MACK L WELLS |
| 11/04/2010 | | NO FURTHER JUDICIAL ACTION | ORDER FILED IN CASE # 00-8186 CA01 AND IN SHARE DRIVE |
| 10/14/2010 | | MOTION | TO VACATE LAST ORDER & RETAIN ORIG.ORDER |
| 09/28/2010 | | MOTION TO VACATE DISMISSAL | |
| 08/06/2010 | | TEXT | RETD ORIGINAL NOTE AND MORTGAGE. |
| 06/25/2010 | 27343 / 949 Pages: 3 | COURT ORDER | BK:27343 PG:0949 VACATING, DISMISSING,CXL SALE,RELEASE LIS PENDENS, ETC. |
| 06/20/2010 | | MOTION | ATY:00071675 R: 5058 TO DISMISS CASE,CANCEL FORECLOSURE SALE,ETC. |
| 06/18/2010 | | FINAL DISPOSITION DOCUMENT | |
| 04/07/2010 | 27244 / 4193 Pages: 1 | COURT ORDER | BK:27244 PG:4193 OF DISMISSAL |
| 04/07/2009 | | _Judge Zabel Dismissal_ TEXT _with Prejudice_ | DISMISS FOR LACK OF PROSECUTION WITH PREJUDICE |
| 09/09/2008 | | OBJECTION | TO WRITTEN DISCOVERY,MTN TO STRIKE OR...ETC |
| 09/09/2008 | | NOTICE | THAT PLTFF HAS RESPONDED TO DEFENDANT,...ETC |
| 08/15/2008 | | LETTER OF CORRESPONDENCE | FROM MACK WELLS TO DISMISS FR LACK OF PROSECUTION |
| 08/15/2008 | | LETTER OF CORRESPONDENCE | FROM MACK WELLS TO DISMISS FOR LACK OF PROSECUTION |
| 09/17/2007 | 25944 / 542 Pages: 2 | COURT ORDER | BK:25944 PG:0542 CANCELING FORECLOSURE SALE |
| 09/14/2007 | | PROOF OF PUBLICATION | PUB DATE : |
| 09/14/2007 | | PROOF OF PUBLICATION | PUB DATE :08/31/2008 |
| 09/12/2007 | | MOTION | TO CANCEL FORECLOSURE SALE |
| 09/10/2007 | | MOTION | ATY:88888888 R: 145184 SET ASIDE FJUD AND RECONSIDER STAY |

http://www2.miami-dadeclerk.com/civil/Search.aspx

Case 1:23-cv-22848-JEM   Document 1-2   Entered on FLSD Docket

Exhibit Ehh. C2

3/7/2014          Miami-Dade County Clerk - Civil / Probate Justice System - Docket Information

| 09/10/2007 | | TEXT | $50 FEE PD/RCPT 45184 |
|---|---|---|---|
| 08/30/2007 | | NOTICE OF SALE | |
| 08/24/2007 | | TEXT | WRITTEN REQUEST, DISPUT VALIDITY OF ALLEGED LOAN. |
| 08/14/2007 | | CERTIFICATE OF MAILING FINAL JUDGMENT | |
| 08/13/2007 | | NOTICE OF FILING | ORIGINAL MORTGAGE AND ORIGINAL NOTE |
| 08/13/2007 | | NOTICE OF FILING | AFFIDAVIT OF AMOUNTS DUE AND OWING |
| 08/13/2007 | | TEXT | FINAL DISPOSITION FORM |
| 08/13/2007 | | TEXT | SALE DATE 09-14-2007 |
| 08/09/2007 | 25872 / 4163 Pages 8 | FINAL JUDGMENT | J $ 491500.11 BK:25872 PG:4163 DN01 DN02 DN03 DN04 |
| 07/26/2007 | | DEFAULT | DN03 |
| 07/26/2007 | | NOTICE OF DEFAULT NOT ENTERED | DN01 DN02 E |
| 07/19/2007 | | NOTICE OF HEARING | MOTIONS 08/09/2007 10:00 AM |
| 07/19/2007 | | MOTION FOR DEFAULT | |
| 07/19/2007 | | MOTION FOR SUMMARY JUDGMENT | |
| 07/19/2007 | | NON-MILITARY AFFIDAVIT | |
| 06/12/2007 | | SERVICE RETURNED | BADGE # 1552 P 05/23/2007 DN02 |
| 06/12/2007 | | SERVICE RETURNED | BADGE # 1552 P 05/12/2007 DN01 |
| 06/12/2007 | | TEXT | SUMMONS RTD NON-SERVED UNK SPOUSE OF WILLIAMS |
| 06/12/2007 | | SERVICE RETURNED | BADGE # 118 P 05/02/2007 DN03 |
| 06/12/2007 | | TEXT | SERVICE RTD SERVED TENANT |
| 06/12/2007 | | TEXT | SERVICE RTD SERVED TENANT |
| 06/12/2007 | | SERVICE RETURNED | BADGE # 1300 P 05/01/2007 DN04 |
| 06/06/2007 | | TEXT | OPPOS. TO PLNFS MORT.FORECLOSURE COMPLT ETC. |
| 06/06/2007 | | TEXT | WRITTEN REQU.FORMAL PROTEST.&DISPUTE ETC. |
| 05/23/2007 | | ANSWER | ATTORNEY:00314021 DN04 |
| 04/30/2007 | 25576 / 1873 Pages 1 | LIS PENDENS | BK:25576 PG:1873 |
| 04/26/2007 | | COMPLAINT | |
| 04/26/2007 | | CIVIL COVER | |
| 04/26/2007 | | SUMMONS ISSUED | DN01 DN02 DN03 DN04 |

BACK TO SEARCH RESULTS                    ALL PARTIES                    START A NEW SEARCH



S0142977

Exh. F

Loan No: ▆▆▆▆

Mortgagee: LEROY WILLIAMS

Address:    15020 SOUTH RIVER DRIVE
            MIAMI, FL 33167

Loan Amount: $ 448,000.00

## ALLONGE TO NOTE

PAY TO THE ORDER OF:

**RESIDENTIAL FUNDING CORPORATION**

WITHOUT RECOURSE

Assistant Secretary
Axiom Financial Services

PAY TO THE ORDER OF
U.S. Bank National Association as Trustee
WITHOUT RECOURSE
Residential Funding Corporation

By
Judy Faber, Vice President

MIN # 100176185062733202        WILLIAMS
AXL 620677.UFT                  Page 1 of 1



Filing # 142403620 E-Filed 01/21/2022 11:32:41 AM



Exhibit G

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL
CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO: 2021-010826-CA-01
SECTION: CA25
JUDGE: Valerie R. Manno Schurr

MAURICE SYMONETTE

Plaintiff(s)

vs.

U.S. BANK NATIONAL ASSOCIATION (TR) et al

Defendant(s)

_____/

## ORDER OF RECUSAL

THIS CAUSE, came before the Court sua sponte, and the Court being fully advised in the premises, it is hereby:

### ORDERED AND ADJUDGED

1. That the undersigned Circuit Court Judge hereby recuses herself from further consideration of this case.
2. This case shall be reassigned to another section of the Circuit Civil Division in accordance with established procedures.

DONE and ORDERED in Chambers at Miami-Dade County, Florida on this 21st day of January, 2022.

2021-010825-CA-01 01-21-2022 11:24 AM

Hon. Valerie R. Manno Schurr

CIRCUIT COURT JUDGE

Electronically Signed

Case No: 2021-010826-CA-01

Page 1 of 2

Exh. 6
Exh. J

# FORM 6    FULL AND PUBLIC DISCLOSURE OF FINANCIAL INTERESTS    2008

AUTO 3-DIGIT 331 T2 P2 8

Hon Valerie R. Manno Schurr
Circuit Judge
Judicial Circuit (11Th)
Elected Constitutional Officer
Dade County Courthouse Rm 1105
73 W Flagler St
Miami, FL 33130-1731

**PROCESSED**

**FOR OFFICE USE ONLY:**

COMMISSION ON ETHICS
DATE RECEIVED

JUN 2 0 2009

ID Code

ID No    210380

Conf. Code

P. Req. Code

Manno Schurr, Valerie R.

CHECK IF THIS IS A FILING BY A CANDIDATE ☐

## PART A — NET WORTH

Please enter the value of your net worth as of December 31, 2008, or a more current date. [Note: Net worth is not calculated by subtracting your reported liabilities from your reported assets, so please see the instructions on page 3.]

My net worth as of December 31, 2008 was $ 2,800,357.00.

## PART B — ASSETS

**HOUSEHOLD GOODS AND PERSONAL EFFECTS:**

Household goods and personal effects may be reported in a lump sum if their aggregate value exceeds $1,000. This category includes any of the following, if not held for investment purposes: jewelry; collections of stamps, guns, and numismatic items; art objects; household equipment and furnishings; clothing; other household items; and vehicles for personal use.

The aggregate value of my household goods and personal effects (described above) is $ 150,000.00

**ASSETS INDIVIDUALLY VALUED AT OVER $1,000:**

| DESCRIPTION OF ASSET (specific description is required - see instructions p.4) | VALUE OF ASSET |
|---|---|
| Home located in Miami-Dade (Former Residence) | 700,000.00 |
| Home located in Miami-Dade (Residence) | 2,400,000.00 |
| Vail Colorado Condominium / Eagle County, Colorado | $ 300,000.00 |
| Bank Accounts, Stocks Bonds / Pension Accounts | $ 600,000.00 |
| Mercedes Benz 350 mL | $ 25,000.00 |

## PART C — LIABILITIES

**LIABILITIES IN EXCESS OF $1,000:**

| NAME AND ADDRESS OF CREDITOR | AMOUNT OF LIABILITY |
|---|---|
| GMAC Mortgage (Former Residence) P.O. Box 900719, Louisville, Ky. | 91,438.00 |
| GMAC Mortgage (Residence) (1st & 2nd Mortgages) P.O. Box 4622, Waterloo, IA | 995,000.00 |
| Wells Fargo Home Mortgage (Vail Property) P.O. Box 650769, Dallas, Tx | 120,000.00 |
| Huntington National Bank (Mercedes) P.O. Box 182579 Columbus, Ohio 43218-2579 | 9,205.00 |

**JOINT AND SEVERAL LIABILITIES NOT REPORTED ABOVE:**

| NAME AND ADDRESS OF CREDITOR | AMOUNT OF LIABILITY |
|---|---|
| None | |

CE FORM 6 - Eff. 1/2009     (Continued on reverse side)     PAGE 1

Exh. K pg. 1

**AXIOM FINANCIAL SERVICES**
10900 STONE LAKE BLVD SUITE 350
AUSTIN TX 78759-5867 . .



**PAYMENT SERVICES**

Dec. 1, 2006

LEROY WILLIAMS
15020 SOUTH RIVER DRIVE
MIAMI FL 33167

**PAYMENT DESCRIPTION**

| | |
|---|---|
| **Bank:** | WACHOVIA BANK, NA |
| **Bank Account Number:** | ******0274 |
| **Date of Transaction:** | Nov.30, 2006 |
| **Payable To:** | AXIOM FINANCIAL SERVICES |
| **Amount of Payment:** | $2286.67 |
| **Customer Reference:** | 0001920274 |

Dear LEROY WILLIAMS:

Based on your authorization during our telephone conversation at 9:45 A.M. Nov. 30,2006, we have initiated an automated clearing house (ACH) debit to withdraw the amount described above from your specified bank account to make the payment that you requested. Included in the payment amount is the $8.00 'service fee that you also authorized.

If you have questions, or wish to make corrections to the information listed above, please contact Collection Department, at 188-832-7990.
Thank you for your business.

AXIOM FINANCIAL SERVICES
10900 STONE LAKE BLVD SUITE 350
AUSTIN TX 78759-5867

Important Information
Don"t give out your bank account information over the phone unless you know the company and understand why the information is nessary
This is not a bill. Do not mail. payment.
Retain this letter for your records.

Exh. K pg.2



**WESTERN UNION**
PAYMENT SERVICES

AXIOM FINANCIAL SERVICES
10900 STONE LAKE BLVD SUITE 350
AUSTIN TX 78759-5867

Jan. 1, 2006

LEROY WILLIAMS
15020 SOUTH RIVER DRIVE
MIAMI FL 33167

**PAYMENT DESCRIPTION**

| | |
|---|---|
| Bank: | WA |
| Bank Account Number: | *** |
| Date of Transaction: | Dec. |
| Payable To: | AXIOM FINANCIAL SERVICES |
| Amount of Payment: | $2286.67 |
| Customer Reference: | 0001920274 |

Dear LEROY WILLIAMS:

Based on your authorization during our telephone conversation at 9:40 A.M. Dec. 31,2006,we have initiated an automated clearing house (ACH) debit to withdraw the amount described above from your specified bank account to make the payment that you requested. Included in the payment amount is the $8.00 service fee that you also authorized.

If you have questions, or wish to make corrections to the information listed above, please contact Collection Department, at 188-832-7990.
Thank you for your business.

AXIOM FINANCIAL SERVICES
10900 STONE LAKE BLVD SUITE 350
AUSTIN TX 78759-5867

Important information
Don't give out your bank account information over the phone unless you know the company and understand why the information is nessary
This is not a bill. Do not mail payment.
Retain this letter for your records.

Exh. K Pg. 5





**AXIOM FINANCIAL SERVICES**
10900 STONE LAKE BLVD SUITE 350
AUSTIN TX 78759-5867

Feb. 1, 2007

LEROY WILLIAMS
15020 SOUTH RIVER DRIVE
MIAMI FL 33167

**PAYMENT DESCRIPTION**

| | |
|---|---|
| Bank: | WACHOVIA BANK, NA |
| Bank Account Number: | ****8*0274 |
| Date of Transaction: | Jan. 31, 2007 |
| Payable To: | AXIOM FINANCIAL SERVICES |
| Amount of Payment: | $2286.67 |
| Customer Reference: | 0001920274 |

Dear LEROY WILLIAMS:

Based on your authorization during our telephone conversation at 9:00 A.M. Jan. 31, 2007, we have initiated an automated clearing house (ACH) debit to withdraw the amount described above from your specified bank account to make the payment that you requested. Included in the payment amount is the $8.00 service fee that you also authorized.

If you have questions, or wish to make corrections to the information listed above, please contact Collection Department, at 188-832-7990.
Thank you for your business.

AXIOM FINANCIAL SERVICES
10900 STONE LAKE BLVD. SUITE 350
AUSTIN TX 78759-5867

Important information

Don't give out your bank account information over the phone unless you know the company, the understand why the information is needed.
This is not a bill. Do not mail payment.
Retain this letter for your records.

Exh.K Pg.4





PAYMENT SERVICES

AXIOM FINANCIAL SERVICES
10900 STONE LAKE BLVD SUITE 350
AUSTIN TX 78759-5867

Feb. 1, 2007

LEROY WILLIAMS
15020 SOUTH RIVER DRIVE
MIAMI FL 33167

PAYMENT DESCRIPTION

| | |
|---|---|
| Bank: | WACHOVIA BANK, NA |
| Bank Account Number: | ******0274 |
| Date of Transaction: | Jan. 31, 2007 |
| Payable To: | AXIOM FINANCIAL SERVICES |
| Amount of Payment: | $2286.67 |
| Customer Reference: | 0001920274 |

Dear LEROY WILLIAMS:

Based on your authorization during our telephone conversation at 9:00 A.M. Jan. 31, 2007, we have initiated an automated clearing house (ACH) debit to withdraw the amount described above from your specified bank account to make the payment that you requested. Included in the payment amount is the $8.00 service fee that you also authorized.

If you have questions, or wish to make corrections to the information listed above, please contact Collection Department, at 188-832-7990
Thank you for your business.

AXIOM FINANCIAL SERVICES
10900 STONE LAKE BLVD. SUITE 350
AUSTIN TX 78759-5867

Important Information
Don't give out your bank account information over the phone unless you know the company and understand why the information is necessary.
This is not a bill. Do not mail payment.
Retain this letter for your records.

Exh A Pg 5





AXIOM FINANCIAL SERVICES
10900 STONE LAKE BLVD SUITE 350
AUSTIN TX 78759-5867

PAYMENT SERVICES

Mar. 1, 2007

LEROY WILLIAMS
15020 SOUTH RIVER DRIVE
MIAMI FL 33167

PAYMENT DESCRIPTION

Bank:                        WACHOVIA BANK. NA
Bank Account Number:         ******0274
Date of Transaction:         Feb.28, 2007

Payable To:                  AXIOM FINANCIAL SERVICES
Amount of Payment:           $2286.67

Customer Reference:          0001920274

Dear LEROY WILLIAMS

Based on your authorization during our telephone ... have initiated an automated clearing house (ACH) debit to ... above from your specified bank account to make the payment that you request. Included in the payment amount is the $8.00 service fee that you also authorized.

If you have questions, or wish to make corrections to the information listed above, please contact Collection Department, at 188 832 ...
Thank you for your business

AXIOM FINANCIAL SERVICES
10900 STONE LAKE BLVD SUITE 350
AUSTIN TX 78759-586

Don't give out your bank account information ...
This is not a bill ...
Retain this ...





Axiom Financial Services
10900 Stone lake Blvd Suite 350
Austin Tx 78759-5867

April 1, 2007.

LEROY   WILLIAMS
15020 SOUTH RIVER DRIVE
MIAMI. FL 33167

lustlivallaudlllatadadaulllbuniltultaudilllnuldut

## PAYMENT DESCRIPTION

| | |
|---|---|
| **Bank:** | WACHOVIA BANK, NA |
| **Bank Account Number:** | *******0274 |
| **Date of Transaction:** | March 30, 2007 |
| | |
| **Payable To:** | Axiom Financial Services |
| **Amount of Payment:** | $2286.67 |
| | |
| **Customer Reference:** | 0001920274 |

Dear LEROY WILLIAMS:

Based on your authorization during our telephone conversation at 11:51 A.M., March 30, 2007, we have initiated an automated clearing house (ACH) debit to withdraw the amount described above from your specified bank account to make the payment that you requested. Included in the payment amount is the $8.00 'service fee that you also authorized.

If you have questions, or wish to make corrections to the information listed above, please contact Collection Department, at 188-832-7990.
Thank you for your business.

> Axiom Financial Services
> 10900 Stone Lake Blvd.Suite 350
> Austin Tx 78759-5867

Important information
Don't give out your bank account information over the phone unless you know the company and understand why the information  is nessary

This is not a bill. Do not mail payment.
Retain this letter for your records.

004730A0116730

Exh.K Pg.7

Axiom Financial Services
10900 Stone lake Blvd Suite 350
Austin Tx 78759-5867



May 1, 2007

LEROY   WILLIAMS
15020 SOUTH RIVER DRIVE
MIAMI FL 33167

**PAYMENT DESCRIPTION**

| | |
|---|---|
| **Bank:** | WACHOVIA BANK, NA |
| **Bank Account Number:** | ******0274 |
| **Date of Transaction:** | April 30, 2007 |
| **Payable To:** | Axion Financial Services |
| **Amount of Payment:** | $2286.67 |
| **Customer Reference:** | 0001920274 |

Dear LEROY WILLIAMS:

Based on your authorization during our telephone conversation at 10:00 A.M., April 30,2007, we
have initiated an automated clearing house (ACH) debit to withdraw the amount described
above from your specified bank account to make the payment that you requested. Included in
the payment amount is the $8.00 'service fee that you also authorized.

If you have questions, or wish to make corrections to the information listed above, please
contact Collection Department, at 188-832-7990.
Thank you for your business.

Axiom Financial Services
10900 Stone Lake Blvd.Suite 350
Austin Tx 78759-5867

Important Information
Don't give out your bank account information over the phone unless you know the company and understand why the
information  is nessary

This is not a bill. Do not mail. payment.
Retain this letter for your records.

004730A0116730

Exh.K.Pg.8



Axiom Financial Services
10900 Stone lake Blvd Suite 350
Austin Tx 78759-5867



**PAYMENT SERVICES**

June 1, 2007

LEROY  WILLIAMS
15020 SOUTH RIVER-DRIVE
MIAMI FL 33167

**PAYMENT DESCRIPTION**

| | |
|---|---|
| Bank: | WACHOVIA BANK, NA |
| Bank Account Number: | ******0274 |
| Date of Transaction: | May 30, 2007 |
| Payable To: | Axion Financial Services |
| Amount of Payment: | $2286.67 |
| Customer Reference: | 0001920274 |

Dear LEROY WILLIAMS:

Based on your authorization during our telephone conversation at 10:38 A.M., May 30,2007, we have initiated an automated clearing house (ACH) debit to withdraw the amount described above from your specified bank account to make the payment that you requested. Included in the payment amount is the $8.00 'service fee that you also authorized.

If you have questions, or wish to make corrections to the information listed above, please contact Collection Department, at 188-832-7990.
Thank you for your business.

Axiom Financial Services
10900 Stone Lake Blvd.Suite 350
Austin Tx 78759-5867

Important Information
Don't give out your bank account information over the phone unless you know the company and understand why the information is necessary

This is not a bill. Do not mail. payment,
Retain this letter for your records.

004730A0116730 ·

Filing # 65341895 E-Filed 12/13/2017 01:30:51 PM

*Exh.L pg.1*

## BROCK &SCOTT
PLLC

CURTIS HERBERT
ADMITTED IN FLORIDA

JESSICA J.FAGEN
ADMITTED IN FLORIDA

THOMAS E. BROCK
ADMITTED IN NORTH CAROLINA

GREGORY A. SCOTT
ADMITTED IN NORTH CAROLINA

JAMES P. BONNER
ADMITTED IN NORTH CAROLINA

1501 NW 49TH STREET, SUITE 200
FT. LAUDERDALE, FL 33309
954.618.6955
FAX 954.618.6953

December 12, 2017

The Honorable John Schlesinger
Miami-Dade County Courthouse

Re: U.S. Bank, National Association, as Trustee for RASC 2005AHL3 v. Hoke Williams.

Case No.: 2010-61928-CA-01
File No.: 13-F02868

The Honorable Judge Schlesinger:

Pursuant to your Honor's instructions from the Non-Jury Trial that took place on November 29, 2017, enclosed please find a copy of Plaintiff's Trial Memorandum.

Thank you for your time, consideration and cooperation in this matter.

Respectfully,

Willnae LaCroix, Esq.
FLCourtDocs@brockandscott.com
(954) 618-6955 x6151

Enclosures

CHARLOTTE, NC 704.643.6002 FAX 704.369.0760 • RALEIGH, NC 919.872.5666 FAX 919.872.5467 • WILMINGTON, NC 910-452-4520 FAX 910-452-7758
WINSTON-SALEM, NC 336.354.1200 FAX 336.354.1205 • COLUMBIA, SC 803.454.3540 FAX 803.454.3541 • FRANKLIN, TN 615.771.5163 FAX 615.771.5695



IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

U.S. Bank, National Association, as Trustee for
RASC 2005AHL3,

      Plaintiff,

vs.

Leroy Williams; The Unknown Spouse of Leroy
Williams; Littlejohn a/k/a James L. Jolin, James;
Unknown Spouse of James Littlejohn AKA James L.
Jolin; Hoke Williams; Unknown Spouse of Hoke
Williams; Mack Wells; Unknown Spouse of Mack
Wells; Curtis McNeil; The Unknown Spouse of
Curtis McNeil; Symonette Limited Partnership;
Deutsche Bank National Trust Company, as Trustee
for Franklin Credit Trust Series I; Miami-Dade
County, Florida; State of Florida, Department of
Revenue; Unifund CCR Partners, G.P.; Suntrust
Bank; City of North Miami (City);

      Defendants.

GENERAL JURISDICTION DIVISION

Case No. 2010-61928-CA-01

_____/

## PLAINTIFF'S TRIAL MEMORANDUM

Plaintiff, U.S. Bank, National Association, as Trustee for RASC 2005AHL3, by and through the undersigned counsel, hereby files its Trial Memorandum, pursuant to this Court's Trial Order dated November 29, 2017 and further states as follows:

**Whether Plaintiff's Prior Foreclosure Case No. 2007-12407-CA-01 was Dismissed with Prejudice, And Whether there contained an Order Precluding Plaintiff from re-filing a Foreclosure Action on the subject Note and Mortgage.**

1. Plaintiff's filed this current Foreclosure action on December 06, 2010 on the subject Note and Mortgage.

2. On said action, all Defendants were properly served.

3. At the Trial that occurred on November 29, 2017, Defendants, brought forth an allegation that the Court on a prior foreclosure action, case No. 2007-12407-CA-01, entered an Order. Dismissing the Foreclosure Action with Prejudice and precluding Plaintiff from filing any other action on the subject Note and Mortgage.

Exh. L pg 3

4. Defendants allegation is without merit. Defendants are correct, in that there was a previous foreclosure action filed on April 26, 2007, case No. 2007-12407-CA-01. However, Defendants are incorrect in their allegations that an Order was entered precluding Plaintiff from instituting further Foreclosure action on the subject Note and Mortgage.

5. In respect to Case No. 2007-12407-CA-01, on August 9, 2007, this Court entered Final Judgment in Plaintiff's favor. The sale of the property was scheduled to occur on September 14, 2007. Attached hereto as Exhibit "A" the Final Judgment.

6. The Original Note and Mortgage was filed on August 13, 2007.

7. Subsequent to the entry of the Final Judgment of Foreclosure, a Motion was filed on September 12, 2007, to Cancel the Foreclosure sale that was scheduled for September 17, 2007. An Order was entered on September 17, 2007, canceling the Foreclosure Sale. Attached hereto as Exhibit "B", Order Canceling Sale.

8. After the cancelation of the Foreclosure Sale, Defendant, Mack Wells on August 15, 2008 filed a Motion to Dismiss the action due to Lack of Prosecution. The Court Docket reflects that on September 9, 2008, a Notice was filed by Plaintiff responding to Defendant, Mack Wells Motion to Dismiss for Lack of Prosecution.

9. Nevertheless, on April 07, 2010, this Court entered an Order Dismissing Case No. 2007-12407-CA-01, With Prejudice for Lack of Prosecution. Attached hereto as Exhibit "C", Order Dismissing Case for Lack of Prosecution.

10. The Dismissal that was entered on April 07, 2010, on Case No. 2007-12407-CA-01 was only due to Lack of Prosecution.

11. On June 20, 2010, Plaintiff's counsel the time, filed a Motion to Dismiss the Case, Cancel Foreclosure Sale, Cancel Notice of Lis Pendens, And Setting Aside Final Summary Judgment. On June 25, 2010, this Court entered an Order Granting the Dismissal of the Case. The Order further states that Plaintiff's Action was dismissed Without Prejudice and that Plaintiff retain future rights to bring an action to foreclose the mortgage, which is the subject of the instant action. Attached hereto as Exhibit "D", Order of Dismissal Dated June 25, 2010.

12. On October 14, 2010, a Motion was filed to Vacate the Last Order of Dismissal, entered on June 25, 2010 and retained the initial Dismissal Order entered on April 07, 2010. On

November 4, 2010, the Clerk's docket indicates, "No Further Judicial Action", was needed, as such the Dismissal Order that was entered on June 25, 2010 that dismissed Case No. 2007-12407-CA-01 Without Prejudice and retains, Plaintiff's right to seek further foreclosure action on the same Note and Mortgage remained in effect.

13. The Dismissal with Prejudice Order that was entered on April 4, 2010 that Defendants keep referring too, was no longer in effect, once the Court entered the June 25, 2010 Dismissal Order. That Order took precedent and no other Order of Dismissal is in place for Case No. 2007-12407-CA-01.

14. Defendants, allegation that an Order was entered barring Plaintiff from filing further actions on the same Note and Mortgage because Plaintiff failed to comply with a Request by the Court for Plaintiff to file the Note and Mortgage, is incorrect. It is clear that Defendants misinterpreted what occurred in the prior matter. There exist no Dismissal Order that precludes Plaintiff from filing a new action on the subject Note and Mortgage,

15. Plaintiff properly filed this instant action, as such Defendants allegation has no merits and nothing precludes Plaintiff from proceeding with this subject Foreclosure action.

### Whether Plaintiff's Current Action is Barred by Statute of Limitation:

Defendants allege that Plaintiff's current Foreclosure action is barred by the five (5) year statute of limitation. Defendants allegation is misinterpreting. Defendants allegation is based on a dismissal of a prior action to foreclose the subject Mortgage Loan, Case No. 2007-12407-CA-01, in the Circuit Court of the 11ᵗʰ Judicial Circuit in and for Miami-Dade County, Florida (the "Prior Foreclosure Action"). While, Defendants are correct that the prior action was dismissed. The prior action was dismissed without prejudice. Furthermore, the Dismissal Order entered on June 25, 2010, in Case No. 2007-12407-CA-01, not only retained Plaintiff's future rights to foreclose on the same Note and Mortgage, Plaintiff also filed this current action well within the (5) year time-frame of both the default of the loan contract which was January 1, 2007 and the

*Exh. L pg. 5*

dismissal of the prior action, which was on June 25, 2010. Plaintiff's current Foreclosure action was filed on June 25, 2010.

Defendants allegations incorrectly states that Plaintiff's current foreclosure action is barred.

In *Bartram* v. *US. Bank, NA., 211* So. 3d 1009, 1019 (Fla. 2016), reh'g *denied sub nom. Bartram* v. *US Bank Nat'l Ass 'n, 42* Fla. L. Weekly S326 (Fla. Mar. 16, 2017), the Florida Supreme Court decided the effect of attempted—but not completed—acceleration.[2]   A mortgage is an installment contract, and *Bartram held* that a new
cause of action accrues with each default on an installment as it comes due. *Bartram, 211* So. 3d at 1019; *see also Singleton v. Grammar Assocs., 882* So. 2d 1004, 1008 (Fla. 2004); Isaacs v. *Deutsch, 80* So. 2d 657 (Fla. 1955). Because Florida has a five-year limitation on the right to seek foreclosure, each missed payment commences a new, five-year period in which the lender may seek to foreclose based on that default.

The borrower in *Bartram argued* that because the lender attempted to accelerate the borrower's loan in the first foreclosure action, all the borrower's future installment obligations collapsed into one, presently due lump sum. Therefore, the borrower argued, the five-year statute of limitations accrued on all the payments at that time, and the lender lost its ability to foreclose after five years.   The critical issue in *Bartram, thus*, was whether the attempted acceleration changed the continuing installment obligation to a one-time lump-sum obligation.

The *Bartram Court* decided that the attempted—but uncompleted—acceleration in the first action does not change the installment nature of a borrower's obligation. *See, e.g., Bartram, 211* So. 3d at 1022 ("Therefore, the Bank's *attempted* prior acceleration in a foreclosure action that was involuntarily dismissed did not trigger the statute of limitations to bar future foreclosure actions based on separate defaults.") (emphasis added); *see also Singleton, 882* So. 2d at 1006 (rejecting "the view that an election to accelerate puts all future installment payments in issue....", as held by *Staler v. Cherry Hill Developers, Inc., 150* So. 2d 468 (Fla. 2d DCA 1963)); Olympia *Mortgage Corp.* v. *Pugh, 774* So. 2d 863, 866 (Fla. 4th DCA 2000) ("We disagree that the election to accelerate placed future installments at issue."). Accordingly, it is settled law that borrowers continue to owe monthly payments even after an attempted but incomplete acceleration, and that each monthly default gives rise to a new accrual date for the five-year statute of limitations for foreclosure.

Accordingly, the statute of limitations does not bar this action or any amounts sought in this action, all of which became due within five years of the filing of the Complaint. Thus, Defendants allegation fails and Plaintiff is entitled to proceed with the subject action.

Exh L pg 1

## Whether Plaintiff Had Standing:

Defendants at Trial argued that Plaintiff lacked Standing to pursue this action, due to an Assignment of Mortgage. If this Court recalls, Plaintiff presented evidence, such as the Original Note containing a specific endorsement to Plaintiff, Plaintiff's MLS report, The Pooling and Servicing's agreement, as well as testimony by Plaintiff's witness that Plaintiff was in possession of the specifically endorsed Original Note, prior to the filing of the subject foreclosure action. The evidence and testimony presented were admitted without objection. Plaintiff at Trial, ask the Court to take Judicial Notice of the Recorded Assignment of Mortgage, but those documents were not Plaintiff's reliance to establish standing.

"In its broadest sense, standing is no more than having, or representing one who has, 'a sufficient stake in an otherwise justiciable controversy to obtain judicial resolution of that controversy.'" *Kumar Corp. Nopal Lines, Ltd.* 462 So.2d 1178, 1182 (Fla. 3rd DCA 1985) (quoting *Sierra Club v. Morton*, 405 U.S. 727, 731 (1972)). In a mortgage foreclosure context, "standing is broader than just actual ownership of the beneficial interest in the note." *Mortgage Electronic Registration Systems, Inc. v. Azize*, 965 So.2d 151, 153 (Fla. 2nd DCA 2007).

Florida courts and statutes have long provided for the holder of the note as having standing to seek enforcement of the note. (See generally: *Mortgage Electronic Registration Systems, Inc. v. Azize*, 965 So.2d 151 (Fla. 2nd DCA 2007); *Riggs v. Aurora Loan Services, LLC*, 36 So.3d 932 (Fla. 4th DCA 2010); Section 673.2011, 673.2051(2), 673.3011 and 671.201(21)(a), Fla.Stat.)

The Florida Supreme Court has long recognized that:

> "An action on a bill or note payable to bearer, or endorsed in blank, may be maintained in the name of the nominal holder who is not the owner by the owner's consent; and *that possession by such nominal holder is prima facie sufficient evidence of his right to sue, and cannot be rebutted by proof that he has no beneficial interest, or by anything else but proof of mala fides.*" (emphasis added) McCallum *v. Driggs*, 35 Fla. 277, 17 So. 407 (Fla. 1895)

Courts have recently and consistently held: "[t]he party that holds the note and mortgage in question has standing to bring and maintain a foreclosure action." *Deutsche Bank Nat'l Trust Co. v. Lippi*, 78 So.3d 81, 84 (Fla. 5th DCA 2012); The Florida Supreme Court has long recognized that:

> an action on a bill or note payable to bearer, or endorsed in blank, may be maintained in the name of the nominal holder who is not the owner by the owner's consent; and that possession by such nominal holder is *prima facie* sufficient evidence of his right to sue, and cannot be rebutted by proof that he has no beneficial interest, or by anything else but proof of *mala fides.*

Exh. L pg.

*City of Lakeland v. Select Tenures, Inc.,* 176 So. 274, 276-77 (Fla. 1937).

Plaintiff is a holder of the note by virtue of possession. Fla. Stat. § 671.201(21)(a) defines 'holder' as 'The person in possession of a negotiable instrument that is *payable* either *to bearer* or to an identified person that is the person in possession.' Fla. Stat. § 671.201(21)(a) (emphasis added). As a holder of the note, Plaintiff is entitled to enforce it. Fla. Stat. § 673.3011 defines a 'person entitled to enforce' an instrument as '(1) The holder of the instrument.

Since Plaintiff is in possession of the note, it is a holder and is entitled to enforce the note under the Uniform Commercial Code and *City of Lakeland,* above, 176 So. at 276-77.

Finally, it is indisputable in Florida that 'the mortgage follows the note'. *First National Bank of Quincy v. Guyton,* 72 So. 460 (Fla. 1916); *Johns v. Gillian,* 184 So. 140 (Fla. 1938). An assignment of mortgage is not required pursuant to the Florida Supreme Court ruling in the controlling authority on this issue in the case of *J.J. Johns v. Sam Gillian,* 134 Fla. 575 (Fla. 1938), "[even] if the note … secured by a mortgage be transferred without any formal assignment of the mortgage, or even a delivery of it…. "See also, *WM Specialty Mortgage, LLC v. Salomon,* 874 So. 2d 680 (Fla. 4th DCA 2004) (upholding a retrospective Assignment of Mortgage which recited that the assignment took place previous to the Assignment document being signed and notarized). Consequently, Defendants allegation as to standing should be stricken and Defendants request for a Directed Verdict should be appropriately denied.

Lastly, Plaintiff introduced into evidence, which was admitted without objection, the Payment History associated with the subject loan. A payment history showing payments received or non-received, is sufficient, to establish that the Plaintiff has the right to enforce the Note and Mortgage. *Peuguero v. Bank of America,* 169 So. 3d 1198 (4th DCA 2015) (The loan payment history admitted into evidence, reflects taxes and other fees associated with the mortgage property in the time prior to the filing of the original complaint is a "…noteworthy factor in

*Exh. L pg 8*

determining standing, as financial institutions are not known to incur expenses on behalf of properties for which they do not hold an interest.")

Further, reasonings, Defendants. request for directed verdict should be denied and Plaintiff's request for entry of Final Judgment in Plaintiff's favor should be granted.

## CONCLUSION:

Plaintiff is entitled to entry of final judgment of foreclosure because it has demonstrated that there was no prior dismissal that barred Plaintiff from filing and proceeding with the subject foreclosure action. Further, Plaintiff has demonstrated its standing as the Holder of the Note, and even as a Non-Holder with the rights to enforce the Note. Plaintiff's position is supported by the evidence that was admitted into evidence at Trial, including the Original Note, Original Mortgage, MLS, Pooling and Servicing, Breach Letter, Payment History, and Judgment Figures, and the corroborated competent testimony of the witness given at trial.

I HEREBY CERTIFY that a true and correct copy hereof was served electronically or via U.S. Mail on ___December 13___, 2017, to all persons shown on the following service list.

Respectfully submitted,

BROCK & SCOTT, PLLC
Attorney for Plaintiff
1501 N.W. 49th Street, Suite 200
Ft. Lauderdale, FL 33309
Phone: (954) 618-6955, ext. 6151
Fax: (954) 618-6954
FLCourtDocs@brockandscott.com

By_____
  Willnae LaCroix, Esq.
  Florida Bar No. 54672

Exh L. pg. 9

## SERVICE LIST

The following persons were served by e-mail:

Miami-Dade County, Florida
c/o Altanese Phenelus, Esq.
111 NW 1st Street
Miami, FL 33128
yvaldes@miamidade.gov

City of North Miami (City)
Jennifer L. Warren
776 N.E 125th Street
North Miami, FL 33161
cityattorney@northmiamifl.gov

The following persons were served by U.S. mail:

Hoke Williams
L/K/A 15020 South River Drive
Miami, FL 33167

Unifund CCR Partners, G.P.
c/o CT Corporation System, Registered Agent
1200 South Pine Island Road
Plantation, FL 33324

Deutsche Bank National Trust Company, as Trustee for Franklin Credit Trust Series I
c/o Legal Department
1761 E. St. Andrew Place
Santa Ana, CA 92705

Unknown Spouse of Hoke Williams
15020 South River Drive
Miami, FL 33167

Unknown Spouse of James Littlejohn AKA James L. Jolin
8152 NW 15th Manor, Apt FC2R
Plantation, FL 33322

Littlejohn a/k/a James L. Jolin, James
L/K/A 15020 South River Drive
Miami, FL 33167

Exh. L pg 16

Suntrust Bank
c/o Alisha Smith, R.A.
40 Technology Parkway South, Suite 300
Norcross, GA 30092

State of Florida, Department of Revenue
C/o Executive Director, a registered agent or any other person authorized to accept service of
proccess
2450 Shumard Oak Boulevard
Tallahassee, FL 32399

Leroy Williams
8152 NW 15th Manor, Apt. FC2R
Plantation, FL 33322

Unknown Spouse of Mack Wells
15020 South River Drive
Miami, FL 33167

The Unknown Spouse of Leroy Williams
L/K/A 15020 South River Drive
Miami, FL 33167

The Unknown Spouse of Curtis McNeil
L/K/A 15020 South River Drive
Miami, FL 33167

Mack Wells
L/K/A 15020 South River Drive
Miami, FL 33167

Curtis McNeil
L/K/A 15020 South River Drive
Miami, FL 33167

Symonette Limited Partnership
L/K/A 15020 South River Drive
Miami, FL 33167

Exh. O

**FLORIDA DEFAULT LAW GROUP, P.L.**
ATTORNEYS AT LAW
9119 CORPORATE LAKE DRIVE
3rd FLOOR
TAMPA FLORIDA 33634

Please reply to:
Post Office Box 25018
Tampa, FL 33622-5018

Telephone (813) 251-4766
Telefax (813) 251-1541

July 29, 2010

LEROY WILLIAMS
19020 SOUTH RIVER DRIVE
MIAMI, FL  33167

Re:

| | |
|---|---|
| Loan Number | ████████ |
| Mortgage Servicer | GMAC MORTGAGE, LLC |
| Creditor to whom the debt is owed | U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE FOR RASC 2005AHL3 |
| Property Address | 19020 SOUTH RIVER DRIVE, MIAMI, FL  33167 |
| Our File No. | F10051160 |

Dear Borrower:

The law firm of Florida Default Law Group, P.L. (hereinafter referred to as "law firm") has been retained to represent U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE FOR RASC 2005AHL3 with regards to its interests in the promissory Note and Mortgage executed by LEROY WILLIAMS on June 30, 2005. Pursuant to the terms of the promissory Note and Mortgage our client has accelerated all sums due and owing, which means that the entire principal balance and all other sums recoverable under the terms of the promissory Note and Mortgage are now due.

As of the date of this letter, the amount owed to our client is $661,289.01 which includes the unpaid principal balance, accrued interest through today, late charges, and other default-related costs recoverable under the terms of the promissory Note and Mortgage. Additional interest will accrue after the date of this letter.

This correspondence is being sent to comply with the Fair Debt Collection Practices Act and should not be considered a payoff letter. Our client may make advances and incur fees and expenses after the date of this letter which are recoverable under the terms of the promissory Note and Mortgage. Therefore, if you wish to receive figures to reinstate (bring your loan current) or pay off your loan through a specific date, please contact this law firm at (813) 251-4766 or client services defaultlawfl.com

Unless you notify this law firm within thirty (30) days after your receipt of this letter that the validity of this debt, or any portion thereof, is disputed, this law firm will assume that the debt is valid. If you do notify this law firm in writing within thirty (30) days after receipt of this letter that the debt, or any portion thereof, is disputed

FILE_NUMBER: F10051160

HELLOLETTER

CERTIFICATION ON LAST PAGE
HARVEY RUVIN, CLERK

Exh. Q

DISTRICT/UNIT

☑ Offense Report
☐ Crash Report
☐ Contact Only—
No Report Written

TELEPHONE

6/14/24
DATE REPORTED

Date/Time of Contact

Name/Rank/ID #

An Internationally
Accredited
Police Agency

☐ CASE REPORT        ☐ CONTACT INFO.

Accident reports will be available for purchase by you or your insurance company at *www.AuthorizeTransaction.com*. A copy of this report may also be obtained from the Central Records Bureau of the Miami-Dade Police Department, 9105 N.W. 25 St., Miami, Florida 33172, from Monday through Friday, 9:00 a.m. to 5:30 p.m. It is suggested you call (305) 471-2085 to verify that it is available for release. No other information will be given over the telephone in reference to the report. Reports may also be obtained by mailing a stamped, self-addressed envelope with your request, to the above address.

32.15.01-58
114.01-432 Rev. 7/13

1502 S. River Dr.
Address of Occurrence

Case 1:23-cv-22848-JEM   Document 4   Entered on FLSD Docket 08/23/2023   Page 1 of 3

Exh.5 Pg.1

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case Number: 23-22848-CIV-MARTINEZ

MACK   WELLS   and   MAURICE
SYMONETTE,

   Plaintiffs,

v.

U.S. BANK, NATIONAL ASSOCIATION,
et al.,

   Defendants.

_____/

## ORDER REMANDING CASE

**THIS MATTER** came before this Court on a *sua sponte* review of the record. It appears on the face of Plaintiffs Mack Wells and Maurice Symonette's *pro se* Notice of Removal, (ECF No. 1), that this Court lacks subject matter jurisdiction over this case under the *Younger* abstention doctrine, *Rooker-Feldman* doctrine, or both. *See Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 974 (11th Cir. 2005) ("[A] federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking."). This Court, therefore, remands this case.

A civil action may be removed from a state court to federal court if the federal court can exercise federal question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332. *See* 28 U.S.C. § 1441(a); *see also Blab T.V., Inc. v. Comcast Cable Communs., Inc.*, 182 F.3d 851, 854 (11th Cir. 1999). Diversity jurisdiction exists if (1) the parties are "citizens of different States," and (2) "the matter in controversy exceeds the sum or value of $75,000." 28 U.S.C. § 1332(a); *see also Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001).

Case 2:23-cv-22484-JEM   Document 4   Entered on FLSD Docket 08/29/2023   Page 2 of 4

Exh. 5 P.9 2

Granting Defendants' Motion to Dismiss 1–2, *Symonette v. Aurora Loan Servs., LLC.*, No. 13-CV-23142-HUCK (S.D. Fla. July 1, 2014), ECF No. 25; Order of Dismissal 1–2, *Ward v. JP Morgan Chase Bank*, No. 13-cv-60834 (S.D. Fla. Apr. 11, 2013), ECF No. 5 (dismissing Mr. Symonette's complaint seeking an injunction of a pending foreclosure action under *Younger* abstention doctrine).

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. This case is **REMANDED** to the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

2. The Clerk of Court is **DIRECTED** to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 23 day of August, 2023.

JOSE E. MARTINEZ
UNITED STATES DISTRICT COURT

Copies provided to:
Mack Wells, *pro se*
Maurice Symonette, *pro se*

5.

Case 23-22640-JEM   Document 7   Entered on FLSD Docket 08/03/2023   Page 1 of 53

Exh. 6 pg 1

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case Number: 23-22640-CIV-MARTINEZ

MACK   WELLS   and   MAURICE
SYMONETTE,

　　Plaintiffs,

v.

U.S. BANK, NATIONAL ASSOCIATION,
et al.,

　　Defendants.

## ORDER REQUIRING BRIEFING CONCERNING THIS COURT'S JURISDICTION

**THIS MATTER** came before this Court on a *sua sponte* review of the record. It appears

on the face of Plaintiffs Mack Wells and Maurice Symonette's *pro se* Amended Complaint to Quiet

Title and Fannie Mae Quite [sic] Title Constructive Fraud with No NEed [sic] to Prove Intent

(Axiomatic) and Violations of Federal and State Laws and Rules to Takeproperty [sic] Because

tue [sic] Banks Paid Officials for it and Complaint for FL. Rule 9.130 to Add Claim for Punitive

Damages (the "Amended Complaint"), (ECF No. 6), that this Court lacks subject matter

jurisdiction over this case under the *Younger* abstention doctrine, *Rooker-Feldman* doctrine, or

both. *See Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 974 (11th Cir. 2005) ("[A] federal court

is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking.")

This Court, therefore, orders Plaintiff to provide this Court with a memorandum concerning its

---

Generally, *pro se* complaints are held to a less stringent standard than formal pleadings drafted by lawyers. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). But the lower pleading standard does not permit a court to "serve as de facto counsel for a party, or . . . rewri\[t\]e an otherwise deficient pleading in order to sustain an action." *GJR Invs., Inc. v. Cnty. Of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998).

Exh. 6 pg 2

subject matter jurisdiction as outlined in this Order. This Court also provides the following brief overview:

"Federal courts are courts of limited subject matter jurisdiction." *Thermoset Corp. v. Building Mats. Corp. of Am.*, 849 F.3d 1313, 1317 (11th Cir. 2017). This Court may only hear a case if it has "at least one of three types of subject matter jurisdiction: (1) jurisdiction under specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *Id.* If, at any time, this Court determines that it lacks subject matter jurisdiction, it "must dismiss the case." Fed. R. Civ. P. 12(h)(3). This Court's jurisdiction is further limited by the *Rooker-Feldman* doctrine, which "places limits on the subject matter jurisdiction of federal district courts and courts of appeal over certain matters related to previous state court litigation." *Goodman ex rel. Goodman v. Sipos*, 259 F.3d 1327, 1332 (11th Cir. 2001).

Under the *Younger* abstention doctrine, "[w]here vital state interests are involved, a federal court should abstain unless state law clearly bars the interposition of the constitutional claims." *31 Foster Children v. Bush*, 329 F.3d 1255, 1274 (11th Cir. 2003) (quoting *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). Under *Younger*, this Court should abstain from hearing an issue where (1) the proceedings "constitute an ongoing state judicial proceeding[;]" (2) "the proceedings implicate important state interests; and" (3) there is "an adequate opportunity in the state proceedings to raise constitutional challenges." *Id.* (quoting *Middlesex Cnty.*, 457 U.S. at 432).

The *Rooker-Feldman* doctrine is derived from *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). The *Rooker-Feldman* doctrine precludes district courts "from exercising appellate jurisdiction over final state

2

Case 1:23-cv-22610-JEM   Document 10   Entered on FLSD Docket 08/23/2023   Page 2 of 53

Exh. 6 pg 3

court judgments." *Nicholson v. Shafe*, 558 F.3d 1266, 1268 (11th Cir. 2009). Specifically, the doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The task of reviewing a state court final judgment is "reserved for state appellate courts, or as a last resort, the United States Supreme Court," *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009). "The doctrine extends not only to constitutional claims presented or adjudicated by a state court, but also to claims that are 'inextricably intertwined' with a state court judgment." *Siegel v. LePore*, 234 F.3d 1163, 1172 (11th Cir. 2000). "A claim is inextricably intertwined if it would 'effectively nullify' the state court judgment . . . or it 'succeeds only to the extent that the state court wrongly decided the issues.'" *Casale*, 558 F.3d at 1260.

Here, the Amended Complaint is a 123-page document that stems from a post-judgment state court case (identified in the 279-page exhibit attached to the Amended Complaint) bearing case number 2007-012407-CA-01 in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida (the "State Court Case"). (*See, e.g.*, Am. Compl. Ex. 1, ECF No. 1-12 at 1.) The State Court Case concerns the foreclosure of real property in Miami, Florida, located at 15020 S. River Dr., Miami, FL 33167 (the "Property"). (*See id.* at 7.) From what this Court was able to discern by the incoherent and rambling allegations in the Amended Complaint, each Defendant was—as Plaintiffs allege—involved in some way in an elaborate scheme to defraud Plaintiffs or otherwise wrongfully take the Property from Plaintiffs through the State Court Case.

Therefore, after perusing the Amended Complaint and its attachment, it appears this Court does not have jurisdiction over this case under the *Younger* abstention doctrine, *Rooker-Feldman* doctrine, or both because any form of relief this Court could grant Plaintiffs would require thi[s]

3

Exh 6 pg 4

Court to (1) disturb an ongoing state court proceeding—in which Plaintiffs are afforded an adequate opportunity to raise their constitutional challenges—involving the foreclosure of real property, which implicates an important state interest, *Williams v. Am. Home Mortg. Servs., Inc.,* No. 13-23240-CIV-ZLOCH, 2013 WL 1238472, at *2–3 (S.D. Fla. Nov. 20, 2013); (2) make a finding that the foreclosure action at issue was incorrectly decided, *see Casale,* 558 F.3d at 1260; or (3) both.

This Court notes that this is not the first time Mr. Wells or Mr. Symonette have attempted to seek a federal court's review of a foreclosure action in Florida state court. *See, e.g., Williams,* 2013 WL 1238472, at *1 (S.D. Fla. Nov. 20, 2013) (recommending that Mr. Symonette's complaint seeking a stay of a foreclosure action be dismissed under *Younger* abstention doctrine); Order 2, *Symonette v. Deutsche Bank Nat'l Tr. Co.,* No. 19-cv-62132-MOORE (S.D. Fla. Aug. 27, 2019) (dismissing Mr. Symonette's complaint challenging foreclosure action under *Rooker-Feldman* doctrine); Order Dismissing Case 1–2, *McNeal v. U.S. Bank Nat'l Ass'n,* No. 19-22503-CIV (S.D. Fla. July 2, 2019), ECF No. 8 (dismissing Mr. Symonette's complaint seeking review of a foreclosure action as an impermissible shotgun pleading and under *Rooker-Feldman* doctrine); Order 2–3, *Symonette v. Indy Mac Bank,* No. 18-23615-CIV-ALTONAGA (S.D. Fla. Sept. 9, 2018), ECF No. 4 (dismissing Mr. Wells and Mr. Symonette's complaint challenging a foreclosure action as a rambling shotgun pleading); Order Dismissing Case 1–2, *Martin v. Wash. Mutual Bank F.A.,* No. 17-22478-CIV-MORENO (S.D. Fla. Aug. 14, 2017), ECF No. 8 (dismissing Mr. Symonette's complaint challenging a foreclosure action under *Rooker-Feldman* doctrine); Order Granting Defendants' Motion to Dismiss 1–2, *Symonette v. Aurora Loan Servs. LLC,* No. 13-CV-23142-HUCK (S.D. Fla. July 1, 2014), ECF No. 25; Order of Dismissal 1–2, *Ward v. JP Morgan Chase Bank,* No. 13-cv-60834 (S.D. Fla. Apr. 11, 2013), ECF No. 5 (dismissing Mr. Symonette's

Case 1:23-cv-22640-JEM Document 07 Entered on FLSD Docket 08/09/2023 Page 29 of 53

Exh. 6 Pg 5

complaint seeking an injunction of a pending foreclosure action under *Younger* abstention doctrine). This Court also notes that Mr. Wells and Mr. Symonette have attempted to seek federal review over the State Court Case via a separate removal action, which is also before this Court. *See generally* Notice of Removal, *U.S. Bank Nat'l Ass'n v. Wells*, No. 23-22848-CIV-MARTINEZ (S.D. Fla. July 31, 2023), ECF No. 1. This Court will address that action by separate appropriate order. Accordingly, It is ORDERED AND ADJUDGED that:

1.    On or before Monday, August 7, 2023, at 1:00 p.m., Plaintiffs SHALL file with the Clerk of this Court a memorandum of no more than ten pages that addresses why this Court should not dismiss this case under the *Younger* abstention doctrine, *Rooker-Feldman* doctrine, or both. The memorandum must be type in 12 pt. Times New Roman font, double spaced, and have one-inch margins. The memorandum must bear **Case Number: 23-22640-CIV-MARTINEZ**, so that it is filed in this action.

2.    Plaintiffs' failure to comply with this Order will result in appropriate sanctions, including dismissal of this case without prejudice, without further warning.

3.    The Clerk is **DIRECTED** to **ADMINISTRATIVELY CLOSE** this case for statistical purposes only pending this Court's determination concerning its subject matter jurisdiction. This administrative closure will not affect the Parties' substantive rights; rather, it is an administrative tool routinely used by this Court according to its inherent authority to manage its docket.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 3rd day of August, 2023.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT COURT

Copies provided to:
Mack Wells, *pro se*
Maurice Symonette, *pro se*

5

Case 1:24-cv-22413-JEM   Document 6   Entered on FLSD Docket 06/25/2024   Page 60 of 80

Case 1:23-cv-22640-JEM   Document 40   Entered on FLSD Docket 04/29/2024   Page 53 of 93
Case 1:20-cv-20873-JEM   Document 9   Entered on FLSD Docket 04/21/2020   Page 1 of 10

Exh. 7 pg. 1

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 20-20873-CIV-MARTINEZ-OTAZO-REYES

AMANDA MARTIN,

    Plaintiff,

v.

JOBY DAVID OGWYN,

    Defendant.

_____/

### ORDER SETTING CIVIL TRIAL DATE AND PRETRIAL SCHEDULE, REQUIRING MEDIATION, AND REFERRING CERTAIN MOTIONS TO MAGISTRATE JUDGE

Trial is scheduled to commence during the two-week period beginning **Tuesday, January 19, 2021 at 9:30 a.m.**, before Jose E. Martinez, United States District Judge, 400 N. Miami Ave., Courtroom 10-1, Miami, Florida 33128. Calendar Call will be held on **January 14, 2021 at 1:30 p.m.** at the same location.

**IT IS ORDERED AND ADJUDGED** as follows:

1.    No pretrial conference shall be held in this action unless the Court determines that a pretrial conference is necessary. Should a pretrial conference be set, the compliance deadlines as set forth in the remainder of this Order shall remain unaltered.

2.    Every motion filed in this case shall be accompanied by **one proposed original order granting** the motion. Unless otherwise specified by the Court, every motion shall be double-spaced in Times New Roman 12-point typeface.

### Pretrial Stipulations and Jury Instructions

3.    Counsel and all *pro se* litigants must meet to confer on the preparation of a joint pretrial stipulation, which must be filed by the deadline set forth below. The stipulation shall conform to Local Rule 16.1(e) and include a joint, neutral summary of the claims and defenses in the case, not to exceed one short paragraph per litigant claim, to be read as an introduction for voir dire examination. The Court will not accept unilateral pretrial stipulations and will *sua sponte*

Exh. 7 Pg 2

expeditious resolution of this cause.

DONE AND ORDERED in Chambers at Miami, Florida, this 21st day of April, 2020.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Otazo-Reyes
All Counsel of Record

Exh. 8-1

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case Number: 23-24150-CIV-MARTINEZ

SAMUEL LEE SMITH JR.,

     Plaintiff,

v.

CITY OF MIAMI and ERIC MARTI,

     Defendants.

_____/

## ORDER SETTING CIVIL TRIAL DATE AND PRETRIAL SCHEDULE, REQUIRING MEDIATION, AND REFERRING CERTAIN MOTIONS TO MAGISTRATE JUDGE

Trial is scheduled to commence during the two-week period beginning **Monday, February 24, 2025, at 9:30 a.m.**, before Jose E. Martinez, United States District Judge, 400 N. Miami Ave., Courtroom 10-1, Miami, Florida 33128. Calendar Call will be held on **Thursday, February 20, 2025, at 1:30 p.m.**, at the same location.

It is **ORDERED AND ADJUDGED** as follows:

### General Procedures

1.    No pretrial conference shall be held in this action unless the Court determines that a pretrial conference is necessary. Should a pretrial conference be set, the compliance deadlines as set forth in the remainder of this Order shall remain unaltered.

2.    Every motion filed in this case shall be accompanied by a proposed order granting the motion. The proposed order shall be filed as an exhibit to the motion and e-mailed to martinez@flsd.uscourts.gov in Word format.

3.    The parties have a continuing duty to ensure the Clerk of the Court is provided with the up-to-date service information.

4.    If the case is settled, the parties are directed to immediately inform the Court at (305) 523-5590 **and** file a notice of settlement.

Exh. 8-C

1-10-2025        All pretrial motions and memoranda of law must be filed. Each party is limited to filing a single motion *in limine*, which may not, without leave of Court, exceed the 20-page limit allowed by the Rules.

1-27-2025        Joint Pretrial Stipulation must be filed.

2-18-2025        Proposed jury instructions and/or proposed findings of fact and conclusions of law must be filed.

2-19-2025        Proposed *voir dire* questions must be filed.

Failure to comply with this or any order of this Court, the Local Rules, or any other applicable rule may result in sanctions, including dismissal without prejudice or the entry of a default, without further notice.

It is the duty of all counsel and *pro se* litigants to enforce the timetable set forth here to ensure an expeditious resolution of this matter.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 26th day of February, 2024.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Sanchez
All Counsel of Record

6

Exh. 9-1 Pg. 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 24-CR-20051-MARTINEZ

UNITED STATES OF AMERICA

v.

ALFRED LENORIS DAVIS,

   Defendant.

_____

## ORDER SETTING CRIMINAL TRIAL DATE
## AND PRETRIAL SCHEDULE[1]

  Trial is scheduled to commence during the two-week period beginning **Monday, March 25, 2024, at 9:30 a.m.**, before Jose E. Martinez, United States District Judge, 400 N. Miami Ave., Courtroom 10-1 Miami, Florida.  Calendar Call will be held on **Thursday, March 21, 2024, at 1:30 p.m.** at the same location.  **Defendants are not required to appear for Calendar Call.**

  IT IS ORDERED AND ADJUDGED as follows:

  1. Every motion filed in this case shall be accompanied by **one proposed original order granting** the motion.  The order shall contain the **up-to-date service list** (names and addresses) of all attorneys in the case.

  2. All motions filed SHALL BE accompanied by a written statement certifying that counsel for the moving party has conferred with opposing counsel in a good faith effort to resolve by agreement the subject matter of the motion, as required by Local Rule 88.9A.

  3. For cases to be heard before a jury, **JOINT** proposed jury instructions and verdict form must be submitted at least **ONE WEEK prior to the Calendar Call**.  In preparing their requested jury instructions, the parties shall utilize as a guide the Pattern Jury Instructions for Criminal Cases approved by the United States Eleventh Circuit, including the Directions to Counsel contained therein.

_____

 [1] Counsel shall note changes on page "4" of the Scheduling Order regarding submissions on Motions in Limine.

Exh. 9-1 pg. 2

desire of the Court that all Garcia hearings be conducted as close to the time of arraignment as possible.

8.    Counsel are **DIRECTED** to:

a.    **IMMEDIATELY**, upon receipt of this Order, certify with the Court's Courtroom Deputy the necessity of an interpreter for the Defendant(s); and

b.    At least twenty-four (24) hours prior to any hearing or trial, notify the Court, if an interpreter is required, including the stage of the trial at which an interpreter will be necessary.

9.    If defense counsel foresees that a sentencing hearing will take more than thirty (30) minutes, the Court's Courtroom Deputy should be advised no later than five (5) days prior to the hearing.

10.    Failure to comply with this or any Order of this Court, the Local Rules, or any other applicable rule SHALL result in sanctions or other appropriate actions. It is the duty of all counsel to enforce the timetable set forth herein in order to ensure an expeditious resolution of this cause.

**DONE AND ORDERED** at Chambers in Miami, Florida, this 16th day of February 2024.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge
All Counsel of Record

image, 2550 × 3300 pixels — Scaled (27%)   file:///Users/micahelmichelson/



Exh. 10

Exh. B

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND
FOR DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO: 2007-12407-ca1

US Bank ,N.A.
Plaintiff(s)                                    April 1,2010

Vs.

Leroy Williams
Defendant(s)

### ORDER OF DISMISSAL WITH PREJUDICE

This action was heard on the defendants motion to dismiss for lack of prosecution
Served on April 11,2008. The court finds that (1) notice prescribed by rule 1.40 (e)
Was served on April 11,2008; (2) their was no record activity for the year preceding
Service of the foregoing notice; (3) no stay has been issued or approved by the court
And (4) no party has shown good cause why this action should remain pending.
Accordingly,
IT IS ORDERED That this action is Dismissed for lack of Prosecution with Prejudice
DONE AND ORDERED in chambers, at Miami, dade county, Florida this 31th day of
March , 2010.

APR 06 201:        APR 06 2010

CIRCUIT COURT JUDGE

VALERIE MANNO SCHURR
CIRCUIT COURT JUDGE

CC. Allpaches

A TRUE COPY
CERTIFICATION ON LAST PAGE
HARVEY RUVIN, CLERK

Bk 27244 Pg 4193 CFN 20100237159 04/09/2010 12:47:17 Pg 1 of 1 Mia-Dade Cty, FL

file:///Users/micahielnichloson/Pictures/Scan...

Exh 31

EXH. H

| FORM 6 | FULL AND PUBLIC DISCLOSURE OF FINANCIAL INTERESTS | 2008 |
|---|---|---|

COMMISSION ON ETHICS
DATE RECEIVED

Hon Valerie R. Manno Schurr
Circuit Judge
Judicial Circuit (11 Th)
Elected Constitutional Officer
Dade County Courthouse Rm 1105
73 W Flagler St
Miami, FL 33130-1731

PROCESSED

ID Code
ID No: 210380
Conf. Code
P Reg Code

Manno Schurr   Valerie R

CHECK IF THIS IS A FILING BY A CANDIDATE ☐

### PART A – NET WORTH

Please enter the value of your net worth as of December 31 2008, or a more current date. (Note: net worth is not calculated by subtracting your reported liabilities from your reported assets, so please see the instructions on page 3)

My net worth as of December 31, 2008 was $ 2,800,357.00.

### PART B – ASSETS

HOUSEHOLD GOODS AND PERSONAL EFFECTS

The aggregate value of my household goods and personal effects (described above) is $ 152,000.00

ASSETS INDIVIDUALLY VALUED AT OVER $1,000

| DESCRIPTION OF ASSET | VALUE OF ASSET |
|---|---|
| Home located in Miami-Dade (farmers residence) | 700,000.00 |
| Home located in Miami-Dade (residence) | 2,400,000.00 |
| Vail Colorado Condominium / Eagle County, Colorado | $ 300,000.00 |
| Bank Accounts, Stocks Funds / Pension Accounts | $ 600,000.00 |
| Mercedes Benz 350 mL | $ 25,000.00 |

### PART C – LIABILITIES

LIABILITIES IN EXCESS OF $1,000

| NAME AND ADDRESS OF CREDITOR | AMOUNT OF LIABILITY |
|---|---|
| GMAC Mortgage (farmers residence) P.O. Box 9001719, Louisville, Ky. | 91,438.00 |
| GMAC Mortgage (Residence) (1st & 2nd Mortgages) P.O. Box 4622 Waterloo, IA | 995,000.00 |
| Wells Fargo Home Mortgage (Vail Property) PO Box 50769 Dallas, Tx | 129,000.00 |
| Huntington National Bank (Mercedes) PO Box 182579 Columbus, Ohio 4328-219 | 9,205.00 |

JOINT AND SEVERAL LIABILITIES NOT REPORTED ABOVE

| NAME AND ADDRESS OF CREDITOR | AMOUNT OF LIABILITY |
|---|---|
| | |
| | |

CE FORM 6 EFF 1/2009          (Continued on reverse side)          PAGE 1

46.jpeg (JPEG Image, 2550 × 3300 pixels) — Scaled (27%)                    file:///Use...

**FLORIDA DEFAULT LAW GROUP, P.L.**
ATTORNEYS AT LAW
9119 CORPORATE LAKE DRIVE
3RD FLOOR
TAMPA, FLORIDA 33634

Telephone (813) 251-4766
Telefax (813) 251-1541

Please reply to:
Post Office Box 25018
Tampa, FL 33622-5018

July 20, 2010

LEROY WILLIAMS
15020 SOUTH RIVER DRIVE
MIAMI, FL 33167

Re:

| | |
|---|---|
| Loan Number: | |
| Mortgage Servicer | GMAC MORTGAGE, LLC |
| Creditor to whom | US BANK NATIONAL ASSOCIATION AS TRUSTEE FOR |
| the debt is owed | RASC 2005AHL3 |
| Property Address | 15020 SOUTH RIVER DRIVE, MIAMI, FL 33167 |
| Our File No. | F10051160 |

Dear Borrower:

The law firm of Florida Default Law Group, P.L. (hereinafter referred to as "law firm") has been retained to represent U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE FOR RASC 2005AHL3 with regards to its interests in the promissory Note and Mortgage executed by LEROY WILLIAMS on June 30, 2005. Pursuant to the terms of the promissory Note and Mortgage, our client has accelerated all sums due and owing, which means that the entire principal balance and all other sums recoverable under the terms of the promissory Note and Mortgage are now due.

As of the date of this letter, the amount owed to our client is $661,289.01, which includes the unpaid principal balance, accrued interest through today, late charges, and other default related costs recoverable under the terms of the promissory Note and Mortgage. Additional interest will accrue after the date of this letter.

This correspondence is being sent to comply with the Fair Debt Collection Practices Act and should not be considered a payoff letter. Our client may make advances and incur fees and expenses after the date of this letter which are recoverable under the terms of the promissory Note and Mortgage. Therefore, if you wish to receive figures to reinstate (bring your loan current) or pay off your loan through a specific date, please contact this law firm at (813) 251-4766 or client services@defaultlawfl.com.

Unless you notify this law firm within thirty (30) days after your receipt of this letter that the validity of this debt, or any portion thereof, is disputed, this law firm will assume that the debt is valid. If you do notify this law firm in writing within thirty (30) days after receipt of this letter that the debt, or any portion thereof, is disputed.

FILE_NUMBER: F10051160                    HELLOLETTER

CERTIFICATION ON LAST PAGE
HARVEY RUVIN, CLERK

*Exh.13, pg.1*

3.
ORDER

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA
CIVIL ACTION

US BANK, N.A.,
Plaintiff,

vs.

CASE NO.    2007-12495-CA
DIVISION    32

LEROY WILLIAMS; MARK WELLS; FRANKLIN
CREDIT MANAGEMENT CORPORATION; CITY
OF NORTH MIAMI;
Defendant(s).

FINAL ORDER DISMISSING CASE, CANCELING FORECLOSURE SALE, CANCELING NOTICE OF
LIS PENDENS, AND SETTING ASIDE FINAL SUMMARY JUDGMENT AND RE-REGISTERING
PHOTOSTATIC 669988

THIS CAUSE having come on before the Court, ex parte, pursuant to the Motion filed by the Plaintiff, pursuant to Section 702.07 Florida Statutes (2005), and the Court being otherwise fully advised in the premises, it is,

ORDERED AND ADJUDGED as follows:

1.      The case be and the same hereby is dismissed, but without prejudice to the future rights of the Plaintiff to bring an action to foreclose the mortgage which is the subject matter of the instant cause.

2.      All Counts of the Complaint against Defendants: LEROY WILLIAMS, MARK WELLS, FRANKLIN CREDIT MANAGEMENT CORPORATION; CITY OF NORTH MIAMI, are hereby dismissed.

3.      Any scheduled foreclosure sale is canceled.

FILE_NUMBER: F07012148



Serial: 13666522
DOC_ID: MO13602





Bk 27343 Pg 949 CFN 20100451678 07/06/2010 15:32:32 Pg 1 of 3 Mia-Dade Cty, FL

(pixels) — Scaled (27%)

Exhi - 13 pg2

Exh. 07 pg2

4.      The Notice of Lis Pendens filed by Plaintiff and recorded in the public records of MIAMI-DADE County, Florida, regarding the below-described property:

LOT 103, BISCAYNE GARDENS SECTION F PART 1, ACCORDING TO THE PLAT THEREOF, AS RECORDED IN PLAT BOOK 44, PAGE 46, OF THE PUBLIC RECORDS OF MIAMI-DADE COUNTY, FLORIDA.

be and same hereby is canceled, vacated, discharged and shall be of no further force or effect, and the Clerk is hereby directed to record this Order to reflect same.

5.      The Final Summary Judgment heretofore entered on August 09, 2007, be and the same hereby is set aside and shall be of no further force or effect.

6.      The Plaintiff requests that the original Note and Mortgage be returned to the Plaintiff and photostatic copies shall be substituted in their place.

DONE AND ORDERED in Chambers in MIAMI-DADE County, Florida, this _____ day of _____, 2010.

**JUN 2 3 2010**

VALERIE R. MANNO SCHURR
Circuit Court Judge

**VALERIE MANNO SCHURR
CIRCUIT COURT JUDGE**

Copies furnished to:
Florida Default Law Group, P.L.
P.O. Box 25018
Tampa, Florida 33622-5018
All parties on the attached service list.
F07013148 - M010502
GMAC-CONV—abiven



Filing # 142403620 E-Filed 01/21/2022 11:32:41 AM

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL
CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO: 2021-010826-CA-01
SECTION: CA25
JUDGE: Valerie R. Manno Schurr

**MAURICE SYMONETTE**

Plaintiff(s)

vs.

**U.S. BANK NATIONAL ASSOCIATION (TR) et al**

Defendant(s)

## ORDER OF RECUSAL

**THIS CAUSE**, came before the Court sua sponte, and the Court being fully advised in the premises, it is hereby:

**ORDERED AND ADJUDGED**

1. That the undersigned Circuit Court Judge hereby recuses herself from further consideration of this case.
2. This case shall be reassigned to another section of the Circuit Civil Division in accordance with established procedures.

**DONE** and **ORDERED** in Chambers at Miami-Dade County, Florida on this 21st day of January, 2022.

2021-010826-CA-01 01-21-2022 11:24 AM

Hon. Valerie R. Manno Schurr

**CIRCUIT COURT JUDGE**

Electronically Signed

Case No: 2021-010826-CA-01

Page 1 of 2

Case 1:23-cv-22640-JEM   Document 9-1   Entered on FLSD Docket 10/13/2023   Page 4 of 25

Exh. 18 pg. 1

UNITED STATES DISTRICT COURT OF THE SOUTHERN DISTRICT OF FLORIDA

NO.

U.S. BANK, NATIONAL ASSOCIATION
AS TRUSTEE FOR RASC
2005-AHL3, OR U.S. BANK NA.

Plaintiffs,

v.

MACK WELLS and MAURICE SYMONETTE

Defendants.

MIAMI DADE COUNTY FLORIDA
Eleventh Circuit District Court of Dade
County Florida CASE NO.2010-
61928-CA01

**NOTICE OF REMOVAL**
[28 USC 1441, 1332, 1446(a and d)]
[FLORIDA RULE OF JUDICIAL
ADMINISTRATION .450]

15020 SOUTH RIVER
DRIVEMIAMI DADE COUNTY
FLORIDA 33167

## NOTICE OF REMOVAL

TO THE CLERK OF THE ABOVE-TITLED COURT, AND TO ALL PARTIES AND

THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that pursuant to 8 U.S.C. §§ 1331, 1132, 1441(a), 1442, and 1446,

DEFENDANTS MACK WELLS AND MAURICE SYMONETTE NOTICE OF REMOVAL

## INTRODUCTION

1. Plaintiff filed a Complaint in the Circuit Court of the Eleventh Circuit,
State of Florda, on

December 6, 2010. (A true, complete and correct copy of the Plaintiff's Complaint is attached

hereto as Defendants' **Exh. 56**. The same case, with the same principal parties and

some of the same issues, is currently before this Court as Case No. 2010-61928-CA01

-1-

Case 1:23-cv-22040-JEM   Document 9-1   Entered on FLSD Docket 10/13/2023

Exh. 18 AZ

WHEREFORE, WHEREFORE, MR. MACK WELLS AND MAURICE SYMONETTE, REMOVES THIS ACTION FROM THE ELEVENTH CIRCUIT COURT OF DADE COUNTY FLORIDA BEARING CIVIL CASE NO. 2010-61928-CA01 TO THIS COURT PURSUANT TO 28 U.S.C. §§ 1441, and 1446. Defendant, MACK WELLS AND MAURICE SYMONETTE, "Prayer for Relief". 13. Under 28 U.S.C. § 1441(a), venue of the removed action is proper in this Court as a district or division embracing the place where the state CASE IS PROPERLY REMOVABLE TO FEDERAL COURT BECAUSE IT INVOLVES A CONTROVERSY BETWEEN CITIZENS OF DIFFERENT STATES AND AN AMOUNT IN CONTROVERSY THAT EXCEEDS $75,000, EXCLUSIVE OF INTEREST AND COSTS. SEE U.S.C. §§ 1332, 1441, AND 1446. Venue is proper in division in accordance with 28 U.S.C. §2 respectfully requests that this Honorable Court exercise Jurisdiction over this matter. Dated: July 6th, 2023. Respectfully submitted. All Defendants have consented to and join in the removal of the State Court Action. The written consent and joinder of all other defendants is attached to this Notice. Ex. 42.

Dated: Miami, Florida
June 29th 23.

MACK WELLS
15020 S. RIVER DR.
MIAMI, FL 33167

MAURICE SYMONETTE
15020 S. RIVER DR.
MIAMI, FL 33167

-20

Exh.19 pg.1



Exh. 19 pg. 2



EXh 20

Case 1:23-cv-22640-JEM   Document 9-1   Entered on FLSD Docket 10/13/2023   Page 3 of 25

UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF FLORIDA.

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT, IN AND
FOR MIAMI-DADE COUNTY, FLORIDA          )

US BANK NATIONAL ASSOCIATION
AS TRUSTEE FOR RASC AHL3

        Plaintiff,

                              )
                              )    COURT CASE NO:
                              )    2010- 61928-CA01

  v.                           )    23-CV-22640-JEM

MACK L.WELLS AND             )
MAURICE SYMONETTE

        Defendant.        )

                Clerk of the Circuit Court — Miami-Dade County
                Dade County Courthouse
                73 West Flagler Street
                Miami, Florida 33130

  To:

        In compliance with 28 U.S.C. § 1446(d), you are hereby notified of the filing of a Notice

of Removal of the above-styled cause to the United States District Court for the Southern District of

Florida, Miami Division, a copy of which is attached hereto.

Dated this 31st day of JULY 2023.

                                Respectfully submitted,

                                  MACK WELLS
                                  15020 S. RIVER DR.
                                  MIAMI FL. 33167

                                  MAURICE SYMONETTE
                                  15020 S. RIVER DR.
                                  MIAMI FL. 33167

Exh. 21/pg.1

UN #2240
05.27.2024
1.40 pm

This is an Emergency,
Because U.S. BANK
IS TRYING TO
Foreclose ON US!

BROCK &
SCOTT
PLLC

Phone:
919-282-0767
(877) 382-4149

5431 Oleander Drive, Wilmington, NC 28403
mtfclose@brockandscott.com

May 21, 2024

**NOTICE TO ALL OCCUPANTS PURSUANT TO THE PROTECTING
TENANTS AT FORECLOSURE ACT**

Any and All Occupants Residing at
15020 South River Drive
Miami, FL 33167

Re:     U.S. Bank, National Association, as Trustee for RASC 2005AHL3 vs. LEROY WILLIAMS; Hoke
        Williams; Mack Wells; Unknown Spouse of Mack Wells; Unknown Spouse of James Littlejohn
        AKA James L. Julia; Unknown Spouse of Hoke Williams; Unifund CCR Partners, G.P.; U.S.
        Bank, National Association, as Trustee for RASC 2005AHL3; The Unknown Spouse of Leroy
        Williams; The Unknown Spouse of Curtis McNeil; Symonette Limited Partnership; State of
        Florida Department of Revenue; Suntrust Bank; Miami Dade County, Florida; Curtis McNeil;
        Littlejohn a/k/a James L. Julia, James; Deutsche Bank National Trust Company, as Trustee for
        Franklin Credit Trust Series I; City of North Miami (City)
        Case Number:        2018-61925-CA-01
        Our File Number:    13-F92868
        Property Address:   15020 South River Drive, Miami, FL 33167, (the "Property")

Dear Occupant(s):

Brock & Scott, PLLC (the "Firm"), represents U.S. Bank, National Association, as Trustee for RASC
2005AHL3 who was the successful purchaser of the above-referenced Property at a foreclosure sale held
on October 16, 2023.

We are writing you, as the occupant(s) of the Property, pursuant the Protecting Tenants at Foreclosure Act
of 2009, Pub. L. 111-22, 123 Stat. 1660 (the "Act"), in order to: (i) determine if you are a "bona fide
tenant" under the Act; (ii) determine if you are a tenant under a lease for the Property, and if so, if that
lease is a "bona fide lease" under the Act; and, (iii) provide you with notice of rights you may have under
the Act if you are a "bona fide tenant" or a tenant under a "bona fide lease".

Notice is hereby provided as follows:
        (I)  Pursuant to the Act, notice is provided that if you are the mortgagor(s) of the Property, or the
spouse, child, parent of the mortgagor(s) of the Property, or, pursuant to the Act your lease or tenancy is
not "bona fide" within the meaning of Section 702(b)(2) and (3), and you are not a protected party under
Section 703, then you are not entitled to any of the protections set forth in the Act. In the circumstances
described in this paragraph, you must vacate the Property and surrender possession of the same to U.S.
Bank, National Association, as Trustee for RASC 2005AHL3 within ten (10) days from the date of this

Page 1 of 4

Exh. 22



## JUAN FERNANDEZ-BARQUIN, ESQ.
### CLERK OF THE COURT AND COMPTROLLER
### MIAMI-DADE COUNTY

Contact Us    My Account

# CIVIL, FAMILY AND PROBATE COURTS ONLINE SYSTEM

◀ BACK

**U S BANK (NA) VS WILLIAMS, LEROY**

| | |
|---|---|
| **Local Case Number:** 2010-061928-CA-01 | **Filing Date:** 12/06/2010 |
| **State Case Number:** 132010CA061928000001 | **Judicial Section:** CA11 - Downtown Miami - Judge Eig, Spencer |
| **Consolidated Case No.:** N/A | **Court Location:** 73 West Flagler Street, Miami FL 33130 |
| **Case Status:** RECLOSED | **Case Type:** RPMF -Non-Homestead ($250,000 or more) |

Total Of Related Cases: 0  ✚

▥ **Related Cases**

Total Of Parties: 17  ✚

👥 **Parties**

Total Of Hearings: 22  ✚

⚒ **Hearing Details**

Total Of Dockets: 626  ━

📶 **Dockets**

| | Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|---|
| | 464 | 05/25/2024 | | Receipt | Event | RECEIPT#:3130019 AMT PAID:$50.00 NAME:KELLEY, JUSTIN JAMES 2001 NW 64TH STREET, SUITE 130 FT. LAUDERDALE FL 33309-1855 COMMENT: ALLOCATION CODE QUANTITY UNIT AMOUNT 3117-REOPEN CASE FEE 1 $50.00 $50.00 TENDER TYPE:EFILINGS TENDER AMT:$50.00 RECEIPT DATE:05/25/2024 REGISTER#:313 CASHIER:EFILINGUSER |
| 📄 | 461 | 05/24/2024 | | Returned Mail | Event | U.S. BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR RASC 2005 |
| 📄 | 463 | 05/23/2024 | | Motion for Writ of Possession | Event | AND FOR ORDER DIRECTING SHERIFF TO PROCEED EXECUTION OF WRIT OF POSSESSION ABSENT FURTHER ORDER FROM THIS COURT |
| 📄 | 462 | 05/23/2024 | | Non-Military Affidavit | Event | |
| 📄 | 460 | 05/15/2024 | | Motion | Event | EMERGENCY MOTION TO VOID FORECLOSURE SALE |
| 📄 | 459 | 05/09/2024 | | Response to Motion | Event | |
| 📄 | 458 | 05/09/2024 | | Notice of Hearing | Event | MAY 16, 2024, AT 2:30-3PM |
| 📄 | 457 | 05/09/2024 | | Motion | Event | TO REJECT DOING ZOOM HEARING |
| 📄 | 456 | 05/07/2024 | | Notice of Filing | Event | SUPPLEMENTARY FRONT PAGE OF THE PLAINTIFF MOTION TO DISMISS THE DEFENDANTS MOTION TO DISMISS |

⬆

Exh. 23

CM/ECF

U.S. District Court
Southern District of Florida (Miami)
CIVIL DOCKET FOR CASE #: 1:23-cv-22846-JEM

| Date Filed | # | Docket Text |
|---|---|---|

Exh. 23

**CM/ECF**

CLOSED

**U.S. District Court**
**Southern District of Florida (Miami)**
**CIVIL DOCKET FOR CASE #: 1-23-cv-22846-JEM**

U.S. Bank, National Association v. Wells et al
Assigned to: Judge Jose E. Martinez
Case in other court: 11th Circuit District Court of Miami-Dade County, 2104-XX26-CA01
Cause: 28:1331 Federal Question

Date Filed: 07/31/2023
Date Terminated: 08/23/2023
Jury Demand: None
Nature of Suit: 220 Real Property: Foreclosure
Jurisdiction: Federal Question

**Plaintiff**

U.S. Bank, National Association
as Trustee for RASC 2005 AHL1 or U.S. Bank, N.A.

represented by Mahmoud Al Yousef
3005 Bliss Road
Apt 307
Coconut Creek, FL 33073
954-555-0624
LEAD ATTORNEY
ATTORNEY TO BE NOTICED

**Defendant**

Mark Wells

represented by Mark Wells
13425 S. River Dr
Miami, FL 33167
PRO SE

**Defendant**

Maurice Symonette

represented by Maurice Symonette
13425 S. River Dr
Miami, FL 33167
PRO SE

| Date Filed | # | Docket Text |
|---|---|---|
| 07/31/2023 | 1 | NOTICE OF REMOVAL (STATE COURT COMPLAINT) - Complaint Filing fee $402.00, filed by U.S. Bank, National Association. (No Answer filed) (No Motion to Dismiss filed) (Attachments: # 1 Civil Cover Sheet, # 2 Exhibit)(mc) (Entered: 07/31/2023) |
| 07/31/2023 | 2 | Clerks Notice of Judge Assignment to Judge Jose E. Martinez. Pursuant to 28 USC 636(c), the parties are hereby notified that the U.S. Magistrate Judge Jacqueline Becerra is available to handle any or all proceedings in this case. If agreed, parties should complete and file the Consent form found on our website. It is not necessary to file a document indicating lack of consent. Pro se (NON-PRISONER) litigants may receive a Notice of Electronic Filing (NEF) via email after filing a Consent by Pro Se Litigant (NON-PRISONER) to Receive Notice of Electronic Filing. The consent form is available under the forms section of our website. (mc) (Entered: 07/31/2023) |
| 07/31/2023 | 3 | Clerks Notice of Receipt of Filing Fee received on 7/31/2023 in the amount of $402.00, receipt number FLS271646. (mc) (Entered: 07/31/2023) |
| 08/23/2023 | 4 | Order Remanding Case to State Court. Closing Case. Signed by Judge Jose E. Martinez on 8/23/2023. See attached document for full details. (mc) (Entered: 08/23/2023) |
| 08/23/2023 | 5 | Transmittal Letter Sent with Order of remand to: 11th Judicial Circuit State Court Case Number: 2104-01X26-CA01 (mc) (Entered: 08/23/2023) |
| 08/30/2023 | 6 | Motion and affidavit for relief, reversal, vacation of orders and memorandum of law re 4 Order Remanding Case to State Court (Response due by 9/13/2023) by U.S. Bank, National Association. (Attachments: # 1 Exhibit)(mc) (Entered: 08/30/2023) |
| 09/02/2023 | 7 | ACKNOWLEDGMENT OF RECEIPT as to 5 Transmittal Letter Sent, 4 Order Remanding Case to State Court. (mc) (Entered: 09/06/2023) |
| 03/27/2024 | 8 | PAPERLESS ORDER terminating 6 Plaintiffs Motion for Remand and Motion to Vacate per 4 this Court's Order Remanding Case to State Court. This case was previously remanded to the Eleventh Judicial Circuit in and for Miami-Dade County, Florida for lack of jurisdiction. Signed by Judge Jose E. Martinez on 3/27/2024. (mc) (Entered: 03/27/2024) |
| 05/10/2024 | 9 | MOTION to Dismiss Remand because the Case was Filed on Behalf of a Company called U.S. Bank re 4 Order Remanding Case to State Court by Maurice Symonette, Mark Wells. Response due by 5/24/2024. (pc) (Entered: 05/13/2024) |

**PACER Service Center**

**Transaction Receipt**

10/23/2024 18:04:21

| PACER Login: | xxixx0101 | Client Code: | |
|---|---|---|---|
| Description: | Docket Report | Search Criteria: | 1:23-cv-22846 |
| Billable Pages: | 1 | Cost: | 0.10 |