UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 1:24-cv-22413-JEM
(Consolidated with Case No. 1:23-cv-22640-JEM)

U.S. BANK NATIONAL ASSOCIATION, AS
TRUSTEE FOR RESIDENTIAL ASSET
SECURITIES CORPORATION, HOME EQUITY
MORTGAGE ASSET-BACKED PASS-
THROUGH CERTIFICATES, SERIES 2005-
AHL3,

        Plaintiff,

v.

MACK WELLS and MAURICE SYMONETTE,

        Defendants.           /

### U.S. BANK'S MOTION TO REMAND AND FOR INJUNCTION

U.S. Bank National Association, as Trustee for Residential Asset Securities Corporation,

Home Equity Mortgage Asset-Backed Pass-Through Certificates, Series 2005-AHL3, Plaintiff in

Case No. 1:24-cv-22413-JEM (the "Removal Case") and defendant in Case No. 1:23-cv-22640-

JEM (the "Main Case") ("U.S. Bank")[1], by and through undersigned counsel and pursuant to 28

U.S.C. § 1447 and 28 U.S.C. § 1651, hereby files this motion to remand the Removal Case to the

state court and for entry of an injunction under the All Writs Act finding Mack Wells and Maurice

Symonette (together, the "Wells and Symonette"), defendants in the Removal Case and Plaintiffs

---

[1] As explained in further detail below, U.S. Bank's full name is U.S. Bank National Association, as Trustee for Residential Asset Securities Corporation, Home Equity Mortgage Asset-Backed Pass-Through Certificates, Series 2005-AHL3, the name used the Removal Case, while it has been named in the Main Case as U.S. Bank National Association as Trustee for RASC 2005AHL3. Both entities are the same, and the latter is merely a shortened version of the former's full name, and so U.S. Bank will be universally referred to as U.S. Bank herein.

in the Main Case, recognizing them as vexatious litigants and enjoining them from further filings with this Court.  In support thereof, U.S. Bank states as follows:

## I.    BACKGROUND[2]

The foreclosure action which is the subject of both the Removal Case and the Main Case was initiated nearly 14 years ago, on December 6, 2010.  (Appx. at 36.)  The governing amended complaint, deemed filed as of January 13, 2015, raised solely counts for foreclosure, reformation of mortgage, and for establishment of an equitable lien.  (Appx. at 38, 41, 80.)  Final judgment of foreclosure was entered in U.S. Bank's favor on December 19, 2017 (the "Final Judgment"), and it ordered the sale of the subject property, located at 15020 South River Drive, Miami, FL 33167, at auction (the "Property").  (Appx. at 82-87.)  The Final Judgment was appealed, and a mandate affirming it was entered on November 9, 2018 by the Third District Court of Appeal of the State of Florida.  (Appx. at 88-89.)  Since then, there have been at least nine (9) further appeals, all resulting from varied objections and challenges to the Final Judgment and the ordered sale of the Property.  (Appx. at 100-155.)  These were accompanied by numerous suggestions/notices of bankruptcy, with every bankruptcy action promptly dismissed, along with a dozen or more federal actions and appeals seeking to challenge the Final Judgment by various means, all largely premised around claims of a fraudulent conspiracy against Wells and Symonette.  (Appx. at 1-37, 183.)

Despite these extensive efforts, the foreclosure sale by auction finally went forward on October 16, 2023, with the certificate of sale filed with the state trial court on October 19, 2023 (the "Sale").  (Appx. at 90-94.)  Numerous objections to the foreclosure sale have all been denied, with the certificate of title for U.S. Bank finally issued on April 24, 2024.  (Appx. at 95.)  An order

---

[2] An Appendix in support of this Motion has been separately filed with this Court and shall be cited herein as Appx. followed by the relevant bates labeled page number.

granting a motion for writ of possession for U.S. Bank was likewise entered on June 18, 2024, with the writ of possession issued on June 24, 2024, the same day Wells and Symonette filed the instant notice of removal to this Court.  (Appx. at 96-99.)

Wells and Symonette have tried to remove the state court foreclosure action to this Court on at least one other prior occasion.  On July 31, 2023, an action premised on a removal to this Court was commenced in the matter styled *U.S. Bank National Association as Trustee for RASC 2005 AHL3 v. Mack Wells and Maurice Symonette*, bearing Case No. 1:23-cv-22848 (the "Prior Removal").  (Appx. at 153-177.)  Less than a month later, on August 23, 2023, U.S. District Court Judge Jose E. Martinez *sua sponte* remanded the Prior Removal, noting that this Court lacked subject-matter jurisdiction under the *Rooker-Feldman* and *Younger* Abstention doctrines requiring it to be remanded, as Wells and Symonette were improperly seeking to disturb ongoing state court proceedings, appeal or second guess the Final Judgment, or both.  (Appx. at 178-182.)

Given the above, it should come as no surprise that Wells and Symonette have a long history of frivolous *pro se* federal filings.  A review of publicly available PACER records (Appx. at 183) clearly demonstrate that:

- Wells and Symonette have individually filed at least ten (10) bankruptcies, all dismissed and at least six (6) dismissed with prejudice.

- Wells and Symonette, individually or together, have filed or at attempted to remove around 40 lawsuits, almost all of which raised similar claims involving and seeking to interfere with state foreclosure suits.  Only two (2) of those lawsuits remain pending, the Removal Case and Main Case before this Court, with a third dismissed but on appeal, all directly tied to U.S. Bank's foreclosure action, with a while all of the others have been dismissed or resulted in judgment entered against Wells and Symonette.  These include one summary

judgment order, one voluntary dismissal, and the rest the subject of dismissal or remand orders, with the latter including at least twenty-four (24) dismissed or remanded *sua sponte*, due to failure to satisfy show cause orders, and/or specifically for being frivolous or the court lacking jurisdiction.   Most notably, at least eight (8) of those dismissals have specifically noted the *Rooker-Feldman* and *Younger* Abstention Doctrines.

-   Following those rulings, Wells and Symonette filed at least twelve (12) appeals.   Three remain pending (with two filed more than 5 months after the District Courts' dismissal orders), while the other nine (9) have been dismissed for want of prosecution and/or failure to file a brief.

As for the Removal Case, the notice of removal filed with this Court on June 24, 2024 amounts to little more than a prolonged rant about actions occurring in the foreclosure, the Prior Removal, and in other federal proceedings.  (Removal Case, ECF No. 1.)  The notice claims the foreclosure was illegal and claims to be seeking to appeal "to a higher Court" (*Id.* at 1-2), alleging various conflicts of interest that led to the Final Judgment (*Id.* at 2).  The notice asserts that Judge Martinez erred in remanding the Prior Removal or that the removal order was in some way fraudulent, and that another pending federal case, also before Judge Martinez, should be deemed a removal.  (*Id.* at 3-4.)  The notice then proceeds to confusingly recount various other acts of forgery, fraud, error, and bias allegedly occurring in the foreclosure action and related federal actions, including a claim that the state court action is stayed by the supposedly removed federal proceedings in the Main Case, and as such, the state court foreclosure action should not have proceeded to the foreclosure sale.  (*Id.* at 4-9, 13-26.)

On October 4, 2024, the court in the Removal Case, noting that the Removal Case and the Main Case were related, entered an order consolidating it with the Main Case, for pretrial purposes,

directing that all further pleadings and filings in the Removal Case be filed in the Main Case and administratively closing the Removal Case.  (Removal Case, ECF No. 8.)  At the time the Removal Case was consolidated with the Main Case, this Court had entered an order nearly two months earlier staying proceedings in the Main Case, citing another pending case Wells and Symonette which had been removed to federal court (Case No. 1:24-cv-23015) and the Court's need for time to evaluate whether there was any basis for recusal in this case.  (Main Case, ECF No. 79.)

## II.    ARGUMENT

### A.    The Removal Case Still Has a Separate Identity from the Main Case.

As said above, the Removal Case has been consolidated with the Main Case pursuant to this Court's orders and the authority under Fed. R. Civ. P. 42.  However, the fact that the two cases have been consolidated does not eliminate their own individual identities, particularly as to dispositive issues and rulings.  *See Hall v. Hall*, 584 U.S. 59, 66, 77 (2018); *J.B. v. Aimbridge Hosp., LLC*, No. 18-CV-80145, 2019 WL 11505267, at *1, n.3 (S.D. Fla. Apr. 17, 2019); *Farid v. DeJoy*, Nos. 4:18cv566-Rh-MAF and 4:19cv60-RH-MJF, 2021 WL 5769445, at *3 (N.D. Fla. Dec. 4, 2021).  Consolidation is simply a judicial tool which "is permitted as a matter of convenience and economy in administration, but does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another." *Johnson v. Manhattan Railway Co.*, 289 U.S. 479, 496–97, 53 S.Ct. 721, 727–28, 77 L.Ed. 1331 (1933); *Boardman Petroleum, Inc. v. Federated Mut. Ins. Co.*, 135 F.3d 750, 752 (11th Cir. 1998) ("Further, consolidation of cases under Fed.R.Civ.P. 42 does not strip the cases of their individual identities.").  That said, the extent and purpose of the consolidation can affect whether the two cases are treated as effectively the same procedurally, including whether consolidation is specified

to include all purposes and events in litigation.  *See Kolawole v. Sellers*, 863 F.3d 1361, 1367-1369 (11th Cir. 2017).

Here, the Removal Case and the Main Case, while unquestionably related, have very different jurisdictional postures.  The Removal Case is, as its name suggests, a removal premised on the notice of removal discussed above.  Meanwhile, the Main Case is a direct file action premised on a separately filed and multi-count complaint against U.S. Bank and numerous parties who were never named in the foreclosure action.  While both cases are improper, one must be remanded for the reasons discussed below, while the other is subject to pending motions to dismiss. This Court has not consolidated both cases for all purposes, and it should recognize that the Remand Case and the Main Case continue to have their own separate identities, particularly as to the basis of this Court's jurisdiction and whether it can continue to hear either case.

Accordingly, for the reasons discussed below, U.S. Bank requests that this Court enter an order remanding the Removal Case to the foreclosure court.

**B.      This Removal Case is Subject to Remand**

The instant removal is only the latest in a long line of efforts by Wells and Symonette, stretching back over years, to try and prevent the loss of their property following entry of the Final Judgment of foreclosure, which was entered and affirmed on appeal nearly a decade ago.  These efforts have consistently failed at the state level, and so Wells and Symonette have spent the last two years attempting to seek federal intervention, both through the filing of separate federal actions and through seeking removal of the state court proceedings to federal court.  The *Rooker-Feldman* Doctrine and the *Younger* Abstention Doctrine exist to prevent exactly what Wells and Symonette are attempting to do here, by barring federal courts from intervening in state court cases and from acting as appellate courts of last resort.  This Court lacks subject-matter jurisdiction to act in the

manner Wells and Symonette seek, and even if it could, Wells and Symonette's effort at removal is plainly untimely under the governing statute.  For these reasons, this Court should enter an order remanding the Removal Case to state court.

"The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Accordingly, "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  However, the other party may move to remand the case back to state court if appropriate grounds exist.  Under 28 U.S.C. § 1447(c):

> If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.

"In a motion to remand, the removing party bears the burden of showing the existence of federal jurisdiction. We construe removal jurisdiction narrowly and resolve any doubts regarding the existence of federal jurisdiction in favor of the non-removing party…" *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998) (internal citation omitted).

Here, first of all, remand of the Removal Case is required by the *Rooker-Feldman* Doctrine and the *Younger* Abstention Doctrine.  Pursuant to the *Rooker-Feldman* doctrine, review of final state court judgments is, as a last resort, the exclusive jurisdiction of the United States Supreme Court.  *See Lance v. Dennis*, 546 U.S. 459, 463 (2006); *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009) (citing *District of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462, 482 (1983))

("The Rooker–Feldman doctrine makes clear that federal district courts cannot review state court final judgments because that task is reserved for state appellate courts or, as a last resort, the United States Supreme Court."). Federal district courts are specifically precluded from exercising appellate jurisdiction over final state-court judgments. *Id.* The *Rooker-Feldman* Doctrine exists to prevent "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting review and rejection of those judgments." *Id.* at 464 (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).

The *Rooker-Feldman* Doctrine includes three requirements, "(1) [T]he party against whom the doctrine is invoked must have actually been a party to the prior state-court judgment or have been in privity with such a party; (2) the claim raised in the federal suit must have been actually raised or inextricably intertwined with the state-court judgment; and (3) the federal claim must not be parallel to the state-court claim." *Lance*, 546 U.S. at 462 (quoting lower court). Where these requirements have been met, the action must be dismissed. *Id.* at 464. Claims are found inextricably intertwined where a ruling on the federal claim would "effectively nullify" the state court judgment or the federal claim "succeeds only to the extent that the state court wrongly decided the issues." *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009) (quoting *Powell v. Powell*, 80 F.3d 464 (11th Cir. 1996) and *Goodman ex rel. Goodman v. Sipos*, 259 F.3d 1327, 1332 (11th Cir. 2001)).

The related *Younger* Abstention Doctrine likewise directs federal courts to abstain from hearing a case where: (1) the proceedings constitute an ongoing state judicial proceeding; (2) the proceedings implicate important state interests; and (3) there is and has been an adequate opportunity to raise constitutional challenges in the state proceedings. *31 Foster Children v. Bush*,

8

329 F.3d 1255, 1274 (11th Cir. 2003) (quoting *Middlesex Cnty. Ethics Comm. V. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).  Mortgage foreclosure has been recognized as an important state interest. *See, e.g., Williams v. Am. Home Mortg. Servs., Inc.*, No. 13-23240-CIV, 2013 WL 12383472, at \*2 (S.D. Fla. Nov. 20, 2013) (citing *Huber v. GMAC Mortgage, LLC*, No. 8:11-CV-1250-T-30EAJ, 2011 WL 6020410, at \*2 (M.D. Fla. Dec. 2, 2011)); *Sergeon v. Home Loan Ctr., Inc.*, No. 3:09-CV-01113-J-32, 2010 WL 5662930, at \*4 (M.D. Fla. Oct. 26, 2010), report and recommendation adopted, No. 3:09-CV-1113-J-32JBT, 2011 WL 308176 (M.D. Fla. Jan. 27, 2011).

As Judge Martinez has previously recognized,[3] it is plain that all elements under the applicable Doctrines are satisfied when it comes to any attempted removal of the state court proceedings.  Wells and Symonette are either parties to or in privity with parties to the state court proceedings and have plainly actively participated in them,[4] including being the ones to remove the case to this Court.  Moreover, they are openly asking this Court to serve as an appellate body to review and set aside the Judgment and Sale, claiming errors, bias, and fraud by the state court, as well as errors by federal courts that they have previously asked to intervene in the state court proceedings.  Any such challenge is inextricably intertwined in the state court proceedings, directly seeking to nullify the Judgment and Sale and would succeed only to the degree it was found that the state trial and appellate courts have wrongly decided these issues.  Moreover, important state interests are unquestionably at play in enforcing final judgments in foreclosure proceedings which

---

[3] In a separately filed action by Mr. Symonette, U.S. District Court Judge Kathleen Williams also found that the case should be dismissed given that her jurisdiction was constrained by the *Rooker-Feldman* Doctrine.  *See McNeal, et al. v. U.S. Bank National Association, et al.*, Case No. 1:19-cv-22503-KMW (S.D. Fla.).

[4] As shown in the appendix records, Wells is a named party in the state court proceedings, while Symonette was not a named defendant but is in privity with them and has been an exceptionally active participant and filer in those proceedings.  (Appx. at 1-37, 82, 153-183.)

have been repeatedly affirmed on appeal.  Additionally, in both appeals and voluminous motion practice, Wells and Symonette have had repeated opportunities to set out all of their arguments, constitutional or otherwise, for why the Final Judgment and Sale should be set aside, and have failed to do so at each turn, and only now seek federal review following those failures.  It should be plain then that Wells and Symonette are very much the kind of state court losers inviting review of state court judgments which the *Rooker-Feldman* and *Younger* Abstention Doctrines act to bar, and so the Removal Case should be remanded.

Moreover, even if this Court had some basis for subject matter jurisdiction over the Removal Case, it should be remanded because Wells and Symonette's attempt to remove it is untimely.  "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(b)(1). "The thirty day period is not jurisdictional, but is rather a strictly applied rule of procedure that may not be extended by the court." *BCC Apartments, Ltd. v. Browning*, 994 F.Supp. 1440, 1442 (S.D. Fla. 1997) (citing *Liebig v. DeJoy*, 814 F.Supp. 1074, 1076 (M.D. Fla. 1993)). "The burden of proving timely removal is on the removing party…." *BCC Apartments, Ltd.*, 994 F.Supp. at 1443.

Here, Mack Wells was specifically served by publication in April and May 2016.  (Appx. at 184-185.)  Moreover, as noted herein in FN 4, Wells and Symonette have actively participated in the state court proceedings for years before seeking to remove the case to this Court, both before and after the Final Judgement was entered more than six years ago, and on the multiple appeals

10

thereafter. (Appx. at 1-37, 100-152, 153-183.) Accordingly, even if Wells and Symonette had a basis to remove, the time to do so was many years ago, far outside of the required period under § 1446.

For these reasons, based on either the plain applicability of the *Rooker-Feldman* and *Younger* Abstention Doctrines or the deadlines under § 1446(b)(1), this Court lacks jurisdiction and so should enter an order remanding the Removal Case to the state court as has been done before. Failure to do so would continue to interfere with the jurisdiction of the foreclosure court, which remains effectively stayed despite the clearly improper nature of the removal.

**C.      Wells and Symonette are Vexatious Litigants and Should be Enjoined from Further Federal Filings.**

Separate and apart from the grounds for removal, this Court should also use its authority under federal law to bar Wells and Symonette from continuing to their long term and ongoing strategy of meritless and abusive federal filings. "Federal district courts have the power under the All Writs Act, 28 U.S.C. § 1651, to enjoin vexatious litigants from filing actions in both judicial and non-judicial forums, provided the injunction does not completely foreclose a litigant from any access to the courts." *Jean-Baptiste v. United States Dep't of Justice*, No. 23-22531-CIV, 2023 WL 9013864, at *4-6 (S.D. Fla. Nov. 30, 2023) (quoting *Lustig v. Stone*, No. 15-20150-CIV, 2020 WL 3469719, at *10 (S.D. Fla. June 25, 2020)); *Watkins v. Dubreuil*, 820 Fed. Appx. 940, 946-948 (11th Cir. 2020) (upholding such injunctions under the inherent power and constitutional obligation of federal courts, including those imposing pre-filing screening requirements on vexatious plaintiffs); *see also Emrit v. DeVos*, No. 8:20-CV-773-T-60TGW, 2020 WL 9078298, at *1-3 (M.D. Fla. Apr. 20, 2020) (noting that the Eleventh Circuit has recognized that federal courts have the power to enjoin parties from filing actions under the All Writs Act to deter vexatious conduct); *Ho v. Warren*, No. 8:21-CV-2621-TPB-CPT, 2021 WL 5494374, at *2 (M.D.

Fla. Nov. 23, 2021) (same).  To obtain such an injunction, a party must point to some ongoing proceeding or past order or judgment whose integrity is threatened, including by a history of vexation, harassment, or needless expense that has unnecessarily burdened the courts.  *Jean-Baptiste*, 2023 WL 9013864, at *4.  Concerning such injunctions against *pro se* parties, a court must consider: "(1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits, (2) the litigant's motive in pursuing the litigation, e.g. does the litigant have an objective good faith expectation of prevailing, (3) whether the litigant is represented by counsel, (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel, (5) whether other sanctions would be adequate to protect the courts and other parties."  *Jean-Baptiste*, 2023 WL 9013864, at *4 (quoting *Ray v. Lowder*, No. 5:02-CV-316-OC-10GRJ, 2003 WL 22384806, at *2 (M.D. Fla. Aug. 29, 2003); *see also Emrit v. DeVos*, No. 8:20-CV-773-T-60TGW, 2020 WL 9078298, at *2 (M.D. Fla. Apr. 20, 2020).  Such injunctions are appropriate where there have been numerous prior meritless pro se federal filings.  *See e.g., Jean-Baptiste*, 2023 WL 9013864, at *5-6 (noting eighteen separate federal lawsuits, including nine dismissed for failure to state a claim or as frivolous, in concluding that the plaintiff was a vexatious litigant); *Emrit*, 2020 WL 9078298, at *2-3 (noting identical meritless lawsuits filed in ten jurisdictions with repeated warnings and sanctions).

Here, Wells and Symonette have filed dozens of *pro se* cases across multiple federal courts, largely seeking to challenge and interfere with state court foreclosure judgments by raising claims of fraud and conspiracy by various actors, including primarily banking institutions, law firms, and government employees.  (Appx. at 183.)  Almost all of these cases have been dismissed, the vast majority for the Wells and Symonette's failure to comply with court orders or governing deadlines,

failure to state a valid claim, and in many cases, specifically for being frivolous and/or violating the *Rooker-Feldman* and *Younger* Abstention Doctrines. (*Id.*) This pattern and practice of behavior, including increasingly common and equally meritless attacks on federal and state court judges and other government employees, impose an unnecessary burden on the parties and the courts and their personnel, wasting valuable judicial resources in order to address these frivolous filings. No other means besides a binding and comprehensive injunction will prevent Wells and Symonette from continuing what is a plain pattern and practice of bad behavior. This Court, therefore, has and should act upon its authority to enjoin Wells and Symonette from further frivolous filings.

Accordingly, U.S. Bank asks that this Court impose an injunction against Wells and Symonette, enjoining them from filing any new action in the U.S. District Court for the Southern District of Florida without first obtaining leave from the U.S. District Court for the Southern District of Florida, including by submitting a motion for leave and attaching a copy of the proposed lawsuit with a reference to this Court's order to allow for a pre-filing screening review as to whether the lawsuit should be allowed to proceed, with the Clerk of Court directed to close any case filed by either Wells or Symonette that does not comply with the requirements set forth in this Court's order.

### III.    CONCLUSION

Wells and Symonette are the definition of vexatious litigants, using every means within their power to try and prevent the long-ago entered Final Judgment of foreclosure from being enforced with no regard for the frivolous nature of every such attempt. Wells and Symonette know or should know, including from multiple prior orders in both related and unrelated federal actions, that their efforts to remove to this Court with the Removal Case are entirely meritless under the

*Rooker-Feldman* and *Younger* Abstention Doctrines, along with being late filed based on the clear language of § 1446.  The Removal Case is only the latest among dozens of sanctionable lawsuits filed by Wells and Symonette raising the same grounds for the same purposes, none with any more merit than the last.  This Court should recognize these indisputable facts and enter an order remanding the Removal Case and enjoining Wells and Symonette from their continued bad faith behavior.

*WHEREFORE*, U.S. Bank National Association, as Trustee for Residential Asset Securities Corporation, Home Equity Mortgage Asset-Backed Pass-Through Certificates, Series 2005-AHL3, respectfully requests the entry of an order: (a) granting this Motion; (b) remanding the Removal Case to the state court; (c) finding Wells and Symonette to be vexatious litigants; (d) entering an appropriate injunction against Wells and Symonette to preclude further vexatious filings; and (3) granting such other and further relief as this Court deems appropriate under the circumstances.

Submitted May 15, 2025.

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC**
200 East Broward Boulevard, Suite 2000
Fort Lauderdale, Florida 33301
Telephone: (954) 768-1600
*Co-Counsel for U.S. Bank National Association, as Trustee for Residential Asset Securities Corporation, Home Equity Mortgage Asset-Backed Pass-Through Certificates, Series 2005-AHL3*

By: */s/ Eve A. Cann*
      Eve A. Cann
      Florida Bar No.: 0040808
      ecann@bakerdonelson.com
      Spencer D. Leach
      Florida Bar No.: 110753
      sleach@bakerdonelson.com

14

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 15, 2025, a true and correct copy of the foregoing was filed electronically and was sent by e-mail from the Florida Courts' E-Filing Portal system to those parties registered with it, and otherwise sent by U.S. Mail to those parties not registered, including:

Mack Wells
15020 S. River Drive
Miami, Florida 33187
*Pro se Plaintiff*

Maurice Symonette
15020 S. River Drive
Miami, Florida 33187
*Pro se Plaintiff*

Michael Roy Esposito, Esq.
**Blank Rome LLP**
100 S. Ashley Drive, Suite 600
Tampa, Florida 33602
Telephone: (813) 255-2324
Facsimile: (813) 433-5352
Michael.esposito@blankrome.com
BRFLeservice@blankrome.com
*Co-Counsel for Defendant U.S. Bank and Counsel for Defendant Mortgage Electronic Registration Systems, Inc.*

Jose Angel Casal, Esq.
**Holland & Knight**
701 Brickell Avenue, Suite 3300
Miami, Florida 33131
Telephone: (305) 789-7713
Facsimile: (305) 789-7799
jose.casal@hklaw.com
josie.vila@hklaw.com
*Attorneys for Defendant Juan Fernandez-Barquin, Clerk of the Court of the Eleventh Judicial Circuit and Comptroller of Miami-Dade County, Florida*

Christopher Michael Sutter, Esq.
**Florida Office of the Attorney General**
110 SE 6th Street, 10th Floor
Fort Lauderdale, Florida 33301
Telephone: (954) 712-4600
Facsimile: (954) 527-3702
Christopher.Sutter@myfloridalegal.com
*Counsel for Defendants Judge Bronwyn Miller, Judge Edwin Scales, Judge Miguel de la O, Judge Valerie Manno Schurr, Judge Samantha Cohen, Judge Carlos Lopez, Judge Jennifer Bailey, and Judge Vivianne Del Rio*

*/s/ Eve A. Cann*
Eve A. Cann